## GREEN *vs.* FARMERS AND CITIZENS' BANK.

Service of a process of foreign attachment on a person temporarily within the state at the time of such service, but residing without the state, is not effectual as an attachment, under the statute with regard to foreign attachments, of a debt due from him to the defendant in the suit.

THIS was a process of foreign attachment against the Farmers and Citizens' bank of Long Island as defendants, and Thatcher S. Payne as garnishee, brought to the superior court for the county of Fairfield, at its session in December, 1856.

The plaintiff was described in the writ as residing in the state of Rhode Island, the said Payne as residing in the state of New York, and the defendants as a body corporate by the laws of the state of New York, and located and doing business in said state. It appeared by the officers' return, endorsed on the writ, that service was made on the said Payne at Danbury, in said Fairfield county, by leaving with him an attested copy of the writ and citation; and that no legal service was made on the defendants.

The defendants, at the first term of the court, moved that the case be erased from the docket for want of jurisdiction in the court, they appearing for that purpose only; upon which motion the court found the residence and location of the parties to be as stated in the writ, both at the time of the issuing of the writ and of the service of the same; and that the said Payne was only transiently within the state, when the copy was left with him in service. The court also found that the defendants had, at the time of such service, a suit, founded on contract, pending in the superior court for the county of Fairfield, against the said Payne, and that the property of said Payne was held by an attachment in said suit, to secure any judgment that might be recovered therein.

Upon these facts, the court reserved the question arising upon the motion for the advice of this court, the parties agreeing that it should be considered and determined in the same manner as if presented by a plea to the jurisdiction of the court.

*Hawley* and *Beardsley*, in support of the motion, contended, that the court had no jurisdiction, because, while no service was made on the defendants, the garnishee was not subject to the process; that the statute intended to make only residents of the state subject to the process, as there would be no means of pursuing the ulterior proceedings against a garnishee who resided in another state; citing Sto. Conf. of Laws, sec. 547. *Tingley* v. *Bateman*, 10 Mass., 343. *Hart* v. *Anthony*, 15 Pick., 445. *Nye* v. *Liscomb*, 21 Pick., 263, and *Lovejoy* v. *Albee*, 33 Maine, 414, and referring to Rev. Stat., tit. i., secs. 229, 230, 231, 237, 238, and act of 1852 on same subject, secs. 2 and 3.

*Dutton* and *Loomis*, contra, contended,

That the case came within the language of the statute, and that there was nothing to give it the limited application claimed; that the objection as to the difficulty of pursuing ulterior proceedings against a non-resident garnishee was too broad, inasmuch as a resident garnishee could remove from the state after service on him, and thus equally escape the jurisdiction of the court; and that if, in ordinary circumstances, a debt due from a non-resident could not be so attached, yet that here the defendants, by suing Payne in our courts, for the very debt that the plaintiff has attached, have located it in this state, and brought it within our jurisdiction; referring to Rev. Stat., tit. i., secs. 14, 229, 230, 238, and act of 1852, as to foreign attachment.

HINMAN, J. The parties in this case are neither residents nor citizens of the state, and the defendants not having been served with process, the court obviously has no jurisdiction over the case for any purpose, unless a copy of the writ which was left with Thatcher T. Payne, as the attorney, agent, factor, trustee and debtor of the defendants, had the effect to attach any property there might be in his hands, belonging to the defendants, or any debt due from him to them. But Thatcher T. Payne was also a resident citizen of another state, and was only temporarily and transiently

here at the time the copy was left with him; so that the question is whether, under our foreign attachment process, such service is sufficient to enable the court to hold jurisdiction of the case, for the purpose of enabling the plaintiff to avail himself of any property in Payne's hands, or any debt due by him to the defendants, in order to satisfy his claim against them.

The plaintiff claims that his case is within the letter and spirit of our statute in respect to foreign attachments. That statute provides, that " whenever the goods or effects of a debtor are concealed in the hands of his attorney, agent, factor or trustee, so that they can not be found to be attached, or where debts are due from any person to a debtor, any creditor may bring his action against such debtor," &c. Rev. Stat., tit. i., sec. 229. This language, construed without any limitation to the meaning of the words, is undoubtedly comprehensive enough to cover the claim made by the plaintiff. But it appears to us very apparent that such was not the meaning of the legislature. The legislature were providing for the attachment of property concealed in the hands of residents or citizens of the state, and of debts due from such residents or citizens, and not of non-residents. Property in the hands of our own citizens, and debts due from them, are within the jurisdiction of the legislature; but property in the hands of non=residents and debts due from them are not; and the legislature must be supposed to have intended to make a law that could be executed, and not one which would be inoperative. It is not to be presumed that a party residing out of the state, who has the property of a debtor concealed in his hands, will voluntarily bring it here, in order that it may be taken and appropriated in payment of the owner's debts; and if he does not, any judgment against it here is entirely nugatory, as no process of our courts can reach either the trustee or the property in his hands ; and it is quite certain that our legislature would not attempt that which they so obviously have no power to accomplish. Again, our legislature did not intend, in a matter of this sort, that the jurisdiction of our courts should depend upon the

will of the garnishee in coming here, in order to give the courts jurisdiction over them ; much less that it should depend upon the vigilance of a creditor, in being able to find him here transiently, and get a process served upon him before his departure from the state.

The debt of Payne, so far as it has any locality, is due in New York, where the creditor resides.    In no sense has it any locality here, where neither the creditor nor debtor reside, and never had.    And if the court should undertake to hold jurisdiction of the case, for the purpose of appropriating whatever may be due from him to the defendants for the plaintiff's benefit, it would probably be treated as a nugatory act, by the courts of other states, where it is held that the trustee process will not lie against inhabitants of other states. *Tingley* v. *Bateman*, 10 Mass., 343. *Hart* v. *Anthony*, 15 Pick., 445. *Nye* v. *Liscombe*, 21 Pick., 263.

Our conclusion is, therefore, that the service on Payne, while he was transiently in the state, had no effect to give the court jurisdiction over any debt due from him to the defendants.    And as no service whatever was made upon the defendants, the court has no jurisdiction over the parties, and the case, consequently, should be erased from the docket of the court.

In this opinion the other judges, STORRS and ELLSWORTH, concurred.

Case to be erased from the docket.