JOHN M. EASTERLY *vs.* ALBERT W. GOODWIN.

A judgment rendered in an action in which the property of the defendant has been attached, but in which no service was made on him personally, is not a judgment *in personam*, and cannot be made the basis of an action of debt.

The effect of the proceeding is limited to an appropriation under the process of the court of the property attached to the payment of the debt.

DEBT on a judgment, brought to the Superior Court in Hartford County, and tried to the court on the general issue, with notice. The following facts were found by the court:

The judgment on which the present action was brought was rendered by the Superior Court, in Hartford county, at the September term, in the year 1858, and was for the sum of $7,465.85 debt, and $25.84 costs. In that suit the plaintiff was described as of the city and county of San Francisco, in the state of California, and the defendant as then or late of said San Francisco. Service of the writ was only made by attaching certain real estate in Wethersfield, in this state, and by factorizing certain persons in this state, and no service was made or attempted to be made on the defendant, nor did he accept service, and the defendant then resided in the state of California. The suit was made returnable to the July term, 1858, and was continued to the next term of the court. The defendant did not appear, nor authorize an appearance, at either of the terms. On the fifty-first day of the September term judgment was rendered against the defendant by default, and the plaintiff's counsel filed the bond required by the statute to be given in such cases. The defendant was for-

merly, and up to the year 1849, a resident and citizen of this state, but in that year he removed to California, and became a resident and citizen of that state, and so continued until August 1, 1859, when he left the state and returned to Connecticut, and ever since has been a citizen of this state. In California the defendant was informed, in the fall of 1858, by his brother Levi Goodwin, that the latter had received a letter from his wife stating that the real estate had been attached in the suit, and he never received any other notice of the pendency of the suit, and the court did not give him, or attempt to give him, any notice of it. The plaintiff took out execution upon the judgment and levied it upon the land attached in the suit, but did not make any demand upon the garnishees named in the writ. He afterwards brought a petition in equity to the Superior Court for Hartford county, against Levi Goodwin and others, to obtain a title to the defendant's interest in the land, which he claimed had been fraudulently conveyed to the said Levi by the defendant, but his suit was not sustained, and the petition was dismissed by the court. The defendant was not at any time between the commencement of the suit and the rendition of the judgment or the levy of the execution within the limits of the state of Connecticut, or an inhabitant thereof, nor had he during that time any attorney or agent within the state, and never in any way consented or submitted to the jurisdiction or proceedings of the court. No evidence other than the judgment was offered by the plaintiff of the existence of any debt of the defendant.

On these facts the case was reserved for the advice of this court.

*C. E. Perkins,* for the plaintiff.

1. The Superior Court of this state, being a court of general jurisdiction, has rendered a judgment in favor of the plaintiff against the defendant. If no want of jurisdiction is apparent on the record, the judgment cannot be collaterally attacked in a suit brought upon it. "Jurisdictional facts, such as service of the writ and the like, are presumed, and

conclusively presumed, in the case of a court of general juris-
diction, unless the record itself shows the contrary." *Coit*
v. *Haven*, 30 Conn., 190, 198.   There is nothing in this rec-
ord which shows a want of jurisdiction, unless the facts that
the defendant resided in California, that he was not served
with process, and that he did not appear, show such want.
But the statute, (Gen. Statutes, title 1, sec. 77), provides for
just such a case, and a conformity with its requirements is
equivalent to actual service of the process.   The legislature
has power to determine what shall be notice to defendants,
and has always exercised it in petitions for divorce, bills in
equity, and actions at law, and its right to do so is unques-
tionable.   In actions against joint contractors, service on one
authorizes judgment against all at the first term, and in
*Duryee* v. *Hale*, 31 Conn., 217, the court say, (page 223),
" We suppose there can be no doubt that such a judgment
would support an action against all the defendants."   If in-
justice be done in any case the statute provides a remedy by
petition for a new trial, and it appears from the finding that
in the fall of 1858 the defendant had notice of the pendency
of the suit, and in the fall of 1859 he returned to this state
and has ever since lived here.   He has therefore had full op-
portunity to bring his petition.   In exceptional cases equity
will interfere and give relief.   *Pearce* v. *Olney*, 20 Conn.,
544.   But it does not appear here that any injustice was done,
nor that the defendant had any defence to the cause of action
on which the judgment was founded.

2. It is not necessary, however, in this case for us to go so far
as to claim that this judgment is in all respects conclusive
upon the defendant.   The only question which it is necessary
to decide is, whether there was any judgment of the Superior
Court at all, so that an action can be maintained upon it, or
whether the proceedings were totally void.   We contend that
a judgment obtained in conformity with the directions of a
statute will not be held void by courts of the same state, what-
ever may be the rule in an action brought upon that judg-
ment in another state.   *Kendrick* v. *Kimball*, 33 N. Hamp.,
482 ; *Ellsworth* v. *Learned*, 21 Verm., 535 ; *Lapham* v. *Briggs*,

27 id., 26; *Stevens* v. *Fisher*, 30 id., 200. That there was a
judgment appears from the fact that an execution was issued,
and levied, and was beyond question a valid execution. An
execution not founded on a judgment would be an anomaly.
*Duryee* v. *Hale*, 31 Conn., 217. From analogy with the case
last cited the proper form of pleading would be, to bring suit
on the judgment, and not to have several judgments existing
at once founded on the same cause of action. In such case
the first judgment might be *prima facie* evidence, liable to be
rebutted by proof of a valid defence to the original cause of ac-
tion. The authorities above cited sustain this view.

*N. Shipman*, with whom was *Welch*, for the defendant.

PARK, J. This case calls in question the validity of the
judgment rendered by the Superior Court for the county of
Hartford at the September term, 1858, for any other purpose
than as a judgment *in rem.*

The defendant insists that the court had no jurisdiction
over the person of the defendant, and that consequently the
judgment was a nullity so far as being the basis of the pres-
ent action is concerned.

The plaintiff claims that the record shows no want of juris-
diction over the person of the defendant, and that, therefore,
jurisdiction is conclusively presumed, inasmuch as the court
that rendered the judgment was a court of general jurisdic-
tion.

We think it clearly appears from the finding of the court,
that the record shows upon its face a want of jurisdiction over
the person of the defendant. The defendant is described in
the action that was brought, as a non-resident of the state.
The officer's return shows no service upon him, nor any at-
tempt to make service. The defendant did not appear in the
case, either by himself or attorney; and the court treated the
case, in all respects, as a proceeding against a non-resident
of the state.

The plaintiff claims that the statute authorizes the bringing
of such actions against non-residents, and prescribes the mode;
and that if the statute is complied with in all respects, it is

equivalent to actual service. But the statute was designed to give the court jurisdiction over the property of non-residents situated in the state, for the purpose of appropriating it to the payment of their debts; and was never intended to go farther than this.

Judge Storrs, in giving the opinion of the court in the case of *Middlebrooks* v. *The Springfield Fire Insurance Co.*, 14 Conn., 301, says, distinguishing that action from one of the kind we are considering, "This is not an action *in rem*, either by domestic or foreign attachment, brought against a foreign non-resident, upon which his property, found within this state, is taken, and the object and effect of which is *merely to act upon and appropriate specifically the property attached.*" And in the same case he calls in question the authority of the legislature to go further than this. "It might admit of a serious question," he says, "whether it would be competent for the authority of the state to prescribe, in an action *in personam*, any process by which a defendant not personally within the territorial jurisdiction of the state, could be reached or found. If not residing within its limits, it is difficult to perceive on what ground jurisdiction over such person can be acquired, unless indeed by a voluntary appearance."

We are satisfied that the court in which the judgment in question was rendered had no jurisdiction over the person of the defendant, and that the want of jurisdiction appears upon the record in the case.

If the court had jurisdiction over the property attached in that case, and no jurisdiction over the person of the defendant, it is difficult to see how the judgment could be good for any other purpose than as a judgment *in rem*. It would seem to follow as a necessary consequence, that the action of the court was effectual so far as the court had jurisdiction, but no further. It is clear that the judgment would be regarded as a nullity by the courts of other states in actions *in personam*. In the case of *Aldrich* v. *Kinney*, 4 Conn., 380., Hosmer, C. J., says, " I am clear that when the defendant neither appeared nor had legal notice to appear, a judgment against him is invalid, and ought not to be enforced. So far

as my knowledge extends no decision has been had giving validity to a judgment under such circumstances." In the case of *Starr* v. *Scott*, 8 Conn., 484, Judge Bissell says, "The judgment of a court of even general jurisdiction cannot affect a person who had no notice to appear. As to him the proceedings are *coram non judice.*" In the case of *Hall* v. *Williams*, 6 Pick., 240, the court say, "If the citizen of one state is in another and served with process, he is bound to appear, and make his defence or submit to the consequences; but if never there, there is no jurisdiction over his person, and a judgment cannot follow him beyond the territory of the state; and if it does he may treat it as a nullity; and the courts here will so treat it, when it is made to appear in a legal way that he was never a proper subject of its jurisdiction."

The authorities uniformly support the same doctrine. *Middlebrooks* v. *Springfield Fire Insurance Co.*, 14 Conn., 301; *Coit* v. *Haven*, 30 id., 190; *Case* v. *Humphrey*, 6 Conn., 139; *Bissell* v. *Briggs*, 9 Mass., 462; *Noyes* v. *Butler*, 6 Barb., 617; *St. Albans* v. *Bush*, 4 Verm., 67; *Bigelow* v. *Stearns*, 19 Johns., 39; *Shumway* v. *Stillman*, 4 Cow., 292; *Borden* v. *Fitch*, 15 Johns., 121.

If the courts of other states would hold the judgment in question a nullity in a case like the present, no good reason can be shown why it should be regarded differently here. The hardship to the defendant is the same in the one case as in the other. Our court, in the case of *Aldrich* v. *Kinney*, before cited, held that a judgment rendered in the state of Rhode Island under similar circumstances with the judgment in question, was ineffectual to sustain an action like the present one, brought in our courts. Obviously it could make no difference to the defendant, residing for instance in California, whether that judgment is rendered in the state of Rhode Island or in the state of Connecticut. The injustice of holding it good and effectual in a foreign jurisdiction is forcibly expressed by Justice Johnson, in the case of *Mills* v. *Duryee*, 7 Cranch, 481. He says, "It is an eternal principle of justice that jurisdiction cannot be justly exercised by a state over property not within reach of its process, or over persons not

owing it allegiance or not subjected to its jurisdiction."
These remarks apply with equal force to domestic judgments.

We advise the Superior Court to render judgment for the
defendant.

In this opinion the other judges concurred.