EDWARD EASTMAN, administrator, *de bonis non, vs.* JACOB B. WADLEIGH and trustee.

York, 1875.—November 23, 1875.

*Judgment.*

Judgment in a suit against a non-resident of the state, upon whom no personal service has been made, but whose estate is returned as attached upon the writ, and notice is given by publication, under R. S., c. 81, § 12, is substantially but a judgment *in rem*, good only against the particular property attached, and of no effect as to the person of the defendant or as to other property.

Such a judgment cannot be made the basis of an action of debt, in order to obtain satisfaction of it out of other property than that returned as attached in the original suit.

ON EXCEPTIONS.

DEBT, brought by the plaintiff as administrator *de bonis non* of the goods and estate which were of late Elisha Wadleigh, deceased, by writ dated May 27, 1874, running against Jacob B. Wadleigh, of Texarcana, in the state of Texas, and Israel Banks, of Parsonsfield, in said county of York, as his trustee, declaring upon a judgment recovered at the May term, 1870, of this court for York county, by the plaintiff against this defendant, Jacob B. Wadleigh, then of the city and county of St. Louis, state of Missouri, for the sum of one hundred and eleven dollars and sixty-seven cents debt, and eighteen dollars and eighty cents, costs of suit, &c. The general issue was pleaded with a brief statement denying jurisdiction and averring the non-residence of the defendant, and that no service of the writ in the suit in which said judgment was recovered was ever made upon him. The cause was opened to the jury, and the fact that the defendant lived in St. Louis, and was not served with process in the original suit, was shown. It was further proved, that as heir of his then lately deceased father, he was the owner of an interest in a farm in Parsonsfield, in this county, his share being worth two hundred and fifty dollars; that this property was attached upon the writ in the original action; that a judgment such as is here declared upon was recovered, after notice given of the pendency of the suit by

publication in the "York County Independent," a newspaper published at Saco in said county, under R. S., c. 81, § 12, and in compliance with the order of court in the case. The defendant did not appear to answer to that action, but was defaulted. The execution issued upon this judgment was extended upon the land in question, but the levy was never recorded, the plaintiff consenting to a sale of the farm by all the heirs, with the intention upon his (the plaintiff's) part of bringing the present action. The writ in this case was properly served upon the trustee, who disclosed two hundred and fifty-two dollars and sixty-eight cents in his hands, and was personally served upon the principal defendant at his home in Texas. Upon this state of facts the presiding justice ruled that this action could not be maintained, and upon the defendant's motion ordered a nonsuit, to which the plaintiff excepted.

*E. Eastman, pro se.*

The statute, R. S., c. 81, § 12, says that "jurisdiction shall be sustained," when goods or estate are attached. Real estate proved to belong to the defendant was attached in the suit in which the judgment in question was obtained. Jurisdiction depends upon the facts existing at the time of the entry of the action. *Cassity* v. *Cota,* 54 Maine, 380. The judgment is one, then, rendered by a court having jurisdiction. The statute does not assume to permit a judgment *in rem,* but to authorize a general judgment, such as is entered in all personal actions. Section nineteen of the same chapter says that upon notice "he" (the absent defendant) "shall be held to answer to the suit;" and R. S. of 1857, c. 81, § 18, under which this judgment was recovered, added, "as in other cases." The judgment is that the plaintiff recover so much of the defendant, without any reference to any particular estate or fund from which it is to be obtained. Marshall, C. J., says "that a judgment *in rem* is where the process is served upon the thing itself and the decree is against it specifically, either with or without notice to parties supposed to be interested in it." Story, J., held that such judgments might be recognized by the domestic tribunal. *Picquet* v. *Swan,* 5 Mason, 43. From the statements in the report that the levy was abandoned, that the entire estate might be sold by the heirs, with the purpose upon the part of the plain-

tiff of bringing the present suit, it is evident that the funds now attached in the hands of the trustee are the proceeds of such sale, and that we are really therefore following the same property originally attached, although it has assumed a different form.

*E. B. Smith*, for the defendant.

This was at best, if valid anywhere, but a *quasi* judgment *in rem*, binding only the property originally attached and not enforcible against, or collectible out of, any other property. It would have not been heen held good against person or property anywhere outside of Maine, except as to that property attached; nor would a similar judgment, rendered in any other state, be held good here, except to that extent. It would be good everywhere to pass title to that property. Thus only can "the same effect" be given to this judgment throughout the Union. To hold it good against person or property would be to say that an insignificant article might be first attached and the judgment obtained levied upon property of great value; as Johnson, J., says, in *Mills* v. *Duryea*, 7 Cranch, 486, was the case in Pennsylvania where a cask of wine was attached and judgment rendered for a hundred and fifty thousand dollars. Though judgments upon constructive statute notice are not technically nor in form, *in rem*, they are so in substance and effect. *Boswell* v. *Otis*, 9 Howard, 348. *Lovejoy* v. *Albee*, 33 Maine, 414. *Picquet* v. *Swan*, 5 Mason, 43. Cooley's Const. Lim., 404. *Cooper* v. *Reynolds*, 10 Wallace, 308, 318, 319. *Galpin* v. *Paye*, 1 Central Law Jour., 491. *Oakley* v. *Aspinwall*, 4 Comst., 520. *Easterly* v. *Goodwin*, 35 Conn., 276, 278. *North Bank* v. *Brown*, 50 Maine, 215. *Swett* v. *Brackley*, 53 Maine, 347. *Bissell* v. *Briggs*, 9 Mass., 462. 1 Smith's Lead. Cas., 833, 834, note. *Downer* v. *Shaw*, 22 N. H., 277. Story, Confl. of Laws, § 549.

APPLETON, C. J. The plaintiff commenced a suit against the defendant, a non-resident, on which an attachment was made of his real estate. The writ described him as a resident of St. Louis, Missouri. Notice was given of the pendency of the suit in conformity with R. S., c. 81, § 19, by publication in a newspaper in this county. Judgment was rendered in favor of the plaintiff at

the May term, 1870, of this court, and an execution issued thereon. A levy was commenced upon the real estate, but the proceedings were not recorded, nor does it appear that the plaintiff ever accepted seizin of any land upon which a levy had been commenced or made.

This is an action of debt upon the judgment thus obtained and the question arises, whether it is maintainable; in other words, whether the court had jurisdictional authority to do more than render a judgment against the property attached.

The state has undoubted jurisdiction over property within its territorial limits. It may subject it to taxation. It may render it liable to the payment of debts, though its owner may reside in another state.

By R. S., c. 81, § 12, "in all actions commenced in any court proper to try them, jurisdiction shall be sustained, if goods, estate, effects or credits of any defendant are found within this state and attached on the original writ; and service shall be made as provided in the nineteenth section hereof."

It has been settled by a uniform and unvarying series of decisions that a judgment obtained as was the one upon which this action is brought, while effective to bind the property of a non-resident, and to justify its appropriation to the payment of his debts, has no force and validity as against person or property outside the territory of the state in which it is rendered. The notice to be given by § 19, though given as required, will not give jurisdiction so that the judgment shall be binding elsewhere. *Ewer* v. *Coffin*, 1 Cush., 23. So a judgment similar in its character and with like incidents rendered in another state would have no force nor validity here. *Middlesex Bank* v. *Butman*, 29 Maine, 19.

The statute gives jurisdiction on certain conditions. What is the extent, what the limit, of the jurisdiction thus given?

The jurisdiction is to be sustained, if goods, estate, effects or credits of a defendant are found within the state, and being found are attached. Without property and its attachment, the court has no jurisdiction. Both must concur. The jurisdiction is acquired by attachment. To what extent? Not over the person of the defendant, for he is a non-resident. Not over other property; but

only over the property attached. In other words the state authorizes the seizure of the real or personal estate of non-residents found within its boundaries and its appropriation to the payment of their debts. The jurisdiction is only by attachment. It is co-extensive with and limited by the attachment, and ends with the disposition according to law of the estate so attached. Where there is no attachment, no valid judgment can be rendered. *Cassity* v. *Cota*, 54 Maine, 380.

The judgment recovered by the plaintiff was clearly not of validity so as to constitute the basis of a suit without the state. What is its validity here ? It is not good against the person of the defendant, for he has never been within, nor submitted to, the jurisdiction of the court. It might have been levied upon the property attached, but no levy was perfected. What then is its effect ?

It is simply a proceeding *in rem*. It is a statutory process, by which a creditor, following the provisions of the statute, is enabled to appropriate the property of an absent debtor to the payment of his debts. If the appropriation is made, it is protected. If not made, the judgment ceases to have any validity, so that it can constitute the basis of a new judgment.

The authorities entitled to the highest consideration concur in the views already expressed. In *Boswell's Lessee* v. *Otis*, 9 Howard, 336, McLean, J., says: "jurisdiction is acquired in one of two modes: first, as against the person of the defendant, by the service of process; or secondly, by a procedure against the property of the defendant, within the jurisdiction of the court. In the latter case the defendant is not personally bound by the judgment, beyond the property in question. And it is immaterial whether the proceeding against the property be by an attachment or bill in chancery. It must be, substantially, a proceeding *in rem*." The effect of a judgment against a non-resident debtor was again under the consideration of the supreme court of the United States in *Cooper* v. *Reynolds*, 10 Wallace, 308, and the court there held, that the only effect of a judgment against a non-resident was to subject the property attached to the payment of the demand which the court might find due to the plaintiff. "The

judgment of the court," observes Miller, J., "though in form a personal judgment against the defendant, has no effect beyond the property attached in that suit. No general execution can be issued for any balance unpaid after the attached property is exhausted. No suit can be maintained on such a judgment in the same court or in any other, nor can it be used as evidence in any other proceeding not affecting the attached property, nor could the costs in that proceeding be collected of the defendant, out of any other property than that attached in the suit. The court, in such a suit, cannot proceed unless the officer finds some property of the defendant on which to levy the writ of attachment. A return, that none can be found, is the end of the case, and deprives the court of further jurisdiction."

In *Lovejoy* v. *Albee*, 33 Maine, 415, it was decided that when the property of a non-resident is found within the state, a judgment against him will be effectual only as a proceeding *in rem* and binding upon the property attached. In *Easterly* v. *Goodwin*, 35 Conn., 273, where the facts were similar to those in the case at bar, it was held, that a judgment rendered in an action upon which the property of a non-resident defendant had been attached, but in which no personal service had been obtained, was not a judgment *in personam*, and could not be the basis of an action of debt in the same court, and that its only effect was to authorize the appropriation of the property attached, to the payment or satisfaction of the judgment recovered in the suit in which the attachment had been made.

At the first glance, the case of *Granger* v. *Clark*, 22 Maine, 128, may perhaps be regarded as adverse to the views here expressed. But the decision there rendered rests upon the fact that a want of jurisdiction was not apparent of record. But in the case at bar, it appears from the record produced, that the defendant was a resident without the state; that there was no personal service upon, nor any appearance by him. If upon inspection of the record, it appears that judgment has been rendered without notice to the defendant, the judgment will be regarded as absolutely void. *Penobscot Railroad Company* v. *Weeks*, 52 Maine, 456.

The causes of action set forth in the suit, in which the judgment declared upon was rendered, were an account annexed against the defendant and his promissory note. An action of debt will lie on an account as held in *Norris* v. *Windsor*, 12 Maine, 293; and on a promissory note, as decided in *National Exchange Bank* v. *Abell*, 63 Maine, 346. Had the plaintiff moved to amend, there is no reason why leave should not have been granted on terms. It not having been done, the nonsuit must be confirmed. *Exceptions overruled.*

WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.