THE G. M. WILLIAMS COMPANY *vs.* C. F. MAIRS ET AL.

*Third Judicial District, Bridgeport, Oct. Term, 1899. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Service of a writ and complaint upon a non-resident defendant at the
place of his domicil, is insufficient, standing alone, to support the
jurisdiction of a Connecticut court in an action *in personam*.

General Statutes, § 1243, provides that when the garnishee named in a
process of foreign attachment is a non-resident, but is engaged in
the transaction of business in this State by an agent, service on the
latter shall be sufficient to hold all the effects of the defendant
which were then in the hands of the garnishee's agent in this State,
as well as any debt due from the garnishee to the defendant; and
§ 1245 declares that service on the garnishee shall be sufficient no-
tice to a non-resident defendant to enable the plaintiff to bring the
action to trial. *Held* that in order to give a court of this State ju-
risdiction, under these provisions, it must appear from the writ and
complaint, or from the officer's return, that the non-resident gar-
nishee had an agent who was engaged in the transaction of business
for him in this State, on whom personal service was made at a time
when he had in his hands, as such agent, goods of the defendant, or
when his principal was indebted to the defendant by reason of an
obligation contracted by such agent in his principal's behalf. If
the record only shows a service in this State upon one member of
a non-resident partnership, which was then indebted to the defend-
ant and had goods of his in its possession, it falls far short of what
is required, and the cause should be erased from the docket upon
motion of the defendant who appears solely to challenge the court's
jurisdiction.

In the absence of personal service upon the defendant, or his voluntary
appearance, the only source of the jurisdiction of a court rests in
the power of the State to deal with property or property rights over
which it has control; that is, which can be appropriated by legal
process if the plaintiff proves his case.

A plea to the jurisdiction is unnecessary if the record fails to show
whatever is essential to confer it.

Argued October 31st—decided November 28th, 1899.

ACTION of contract on a writ which contained a process of
foreign attachment, brought to the Court of Common Pleas

---

* Transferred from the second judicial district.

in New London County and tried to the court, *Studley, J.*, upon motion to erase the cause from the docket owing to the lack of jurisdiction; the court held that its want of jurisdiction appeared upon the face of the record and thereupon granted the motion, and the plaintiff appealed for alleged errors in the rulings of the court. *No error.*

It appeared from the writ and complaint that the plaintiff was a Connecticut corporation, and that the defendants and garnishees were all residents of New York City. The directions for a garnishment were to leave a copy of the papers "with Frederick Holbrook, William B. Cabot, John W. Daly and James W. Rollins, Jr., all of New York City, State of New York, copartners doing business under the firm name of Holbrook, Cabot and Daly, or at their usual place of abode, as he they are the agents, trustees, and debtors of said defendant and have concealed in their hands the goods, effects and estate of said defendant and are indebted to them. And you are further commanded to summon said garnishee to appear before said court at the time and place first mentioned, then and there to disclose on oath whether he they have concealed in their hands, the goods, effects or estate of said defendant, or are indebted to them."

The officer's return was as follows:—

"STATE OF CONNECTICUT, } ss.
   NEW LONDON COUNTY, }

"NEW LONDON, November first, 1898.

"Then and there by virtue hereof, I attached as the property of the within named defendant, all goods, effects, money and debts due to or belonging to the within named defendant and in the hands or possession of the within named garnishee, by leaving with James W. Rollins, Jr., named herein as garnishee, a true and attested copy hereof at least twelve days before the session of the court to which this writ is returnable, said garnishee being herein named and described as the agent, trustee and debtor of said defendant, and said garnishee having been duly inquired of by me, disclosed that he was they were indebted to said defendant at the date hereof

in the sum of $   , and I made diligent search throughout my precincts for other goods and estate of said defendant, whereof to attach, but could find none.  And afterwards on the   day of   , 189 , I left with at the usual place of abode of the within named defendant, a true and attested copy of the within writ, summons and complaint, with my said doings thereon indorsed.

"Attest,          JOHN N. CARROLL, Deputy Sheriff.

"Fees—Miles travel,     .  $1.90
          Copies,  .   .      .75
          Service,   .   .      .12
          Indorsement, .      .37
                              ———
                        "$3.14"

A plea in abatement was filed, and a demurrer to it was overruled by agreement.  An oral motion to erase the cause from the docket was then made by the defendants, and granted; a judgment being entered that it be so erased "for lack of jurisdiction apparent on the face of the papers."

*Frank T. Brown* and *William J. Brennan*, for the appellant (plaintiff).

*Talcott H. Russell*, for the appellees (defendants).

BALDWIN, J.   The officer's return states that service of the process in this action was made by leaving a copy at New London, on November 1st, with one of the garnishees named in the writ and therein described as copartners and inhabitants of the State of New York, and also by leaving a copy afterwards "with at the usual place of abode of the within named defendant."  Assuming (without deciding) that the latter part of the return means something, and is not the result of a mere oversight in not striking out part of a printed form, it is plain that as the place of abode of each of the defendants, according to the writ, was in another State, the copy so left with him or them there could not, standing alone, avail to support the jurisdiction of a Connecticut court.

General Statutes, §§ 1243, 1245, provide that "process of foreign attachment, when the garnishee does not reside in this State, but is engaged in the transaction of business therein by an agent or agents, may be served on such garnishee, by leaving a true and attested copy of such process with such agent or agents, at least twelve days before the writ is returnable; and if the plaintiff recover judgment in said action, all the effects of the defendant, which were in the hands of the agent of such garnishee in this State, at the time such copy of said process was so left with him, and the debt due from such garnishee to the defendant shall be liable for the payment of said judgment," and that "service of the process of foreign attachment on the garnishee shall be sufficient notice to the defendant, if he be not an inhabitant of this State, to enable the plaintiff to bring the action to trial; *provided*, it shall appear to the court that the defendant has received actual notice that the action is pending, otherwise the court shall order such notice to be given as it may deem reasonable." Section 1243 is founded on a statute passed in 1864 (Public Acts of 1864, p. 23, § 2), which describes at length the mode of levying the execution, if the plaintiff obtain judgment; directing in such case a "demand of such agent, of any debt due by said garnishee to the defendant, contracted in the name of said garnishee, by said agent, with the defendant." The provisions last quoted were omitted in the Revision of 1875 and again in that of 1888. It is not to be presumed that this was intended either to lessen or add to the rights of the attaching creditor. A sufficient reason for it is to be found in the endeavor of the authors of the Revision of 1875, with the sanction of the General Assembly, to strike out of the statute book all unnecessary verbiage and repetition, and condense every expression which they thought susceptible of it. Preface to the Revision of 1875, xii.

But even without aid from the history of our legislation on this subject, it is sufficiently apparent that the intent of the General Statutes is only to afford a remedy for the sequestration in this State of property here found or debts contracted by an agent residing here. It would be absurd

to suppose that the General Assembly meant that whenever a non-resident had an agent transacting business for him in this State, all debts due to such non-resident from any party, wherever the latter might reside or by whomsoever the debt might have been contracted, should be subject to collection in our courts. In proceedings against one not belonging here the only source of their jurisdiction, in the absence of personal service on or voluntary appearance by the defendant, is to be found in the power of the State to deal with property or property rights over which it has control. The *res* must be in such a situation or condition that it can be appropriated by legal process if the plaintiff proves his case. *Green* v. *Farmers' & Citizens' Bank*, 25 Conn. 452, 454. Courts do not sit to render judgments which they are powerless to enforce. *Clarke's Appeal*, 70 Conn. 195, 209. Those authorized by the statute in question are in form *in personam*, but in substance and effect they are *in rem*. *Pennoyer* v. *Neff*, 95 U. S. 714, 733.

To give the Court of Common Pleas a right to entertain this action, it was therefore necessary that from the writ and complaint, or the officer's return, it should appear that the non-resident garnishees had an agent engaged in the transaction of business for them in this State, on whom personal service was made, at a time when he had in his hands, as such agent, goods of the defendants, or when his principals were indebted to them by reason of an obligation contracted by him in their behalf. See *St. Clair* v. *Cox*, 106 U. S. 350, 359. All that is disclosed upon the record as to these points is, that a copy of the process was left in service in this State by a proper officer with one of four members of a New York partnership which then was indebted to the defendants and had goods of theirs in its possession. This falls far short of what is required, whether by the general principles of private international law, or by the provisions of the Fourteenth Amendment to the Constitution of the United States in respect to the taking of property without due process of law. *Easterly* v. *Goodwin*, 35 Conn. 273, 278. We may fairly assume that this copartner stood in the position of a general

French v. Waterbury.

agent of the firm for the transaction of its business; but, without adverting to the fact that the service was made upon him only as one of the garnishees, there is nothing whatever to show that any part of the copartnership business was ever transacted in Connecticut, or that any goods of the defendants were ever held by him here.

It was therefore competent for the defendants, after entering a special appearance for the purpose of objection to the assumption of jurisdiction, to move that the cause be erased from the docket; and the court was right in granting the motion.

Error is assigned because the demurrer to the plea in abatement was overruled. The plea was unnecessary, since it was for the plaintiff to see that the record disclosed whatever was indispensable to give jurisdiction; but as the demurrer was overruled by agreement, this action could in no event be made a ground of appeal.

There is no error.

In this opinion the other judges concurred.