### DRAKE v. DE SILVA.

(Supreme Court, Appellate Division, Third Department. January 15, 1908.)

GARNISHMENT—VOID FOREIGN JUDGMENT—PAYMENT.

Under the statute of Connecticut, providing that a debt due to a debtor may be garnished, which has been construed by the courts of that state as applicable only to debts from residents of that state, a judgment against a resident of New York in attachment proceedings brought against him while temporarily in the former state is void, and payment thereof is no defense to an action by his creditor in this state.

Appeal from Trial Term, Ulster County.

Action by Cora E. Drake against George R. De Silva.   From a judgment for plaintiff, defendant appeals.   Affirmed.

The plaintiff alleges that she gave the defendant certain moneys for safe-keeping, and that he promised to return the same to her, with interest, upon demand.   The defense is that prior to the commencement of the action, in an action in the superior court in New Haven county, Conn., in which Edith L. Drake was plaintiff and Cora E. Drake, this plaintiff, was defendant, an attachment was issued out of said superior court, directed to this defendant and personally served upon him in the state of Connecticut, attaching in his hands the debt due from him to the said Cora E. Drake; that the papers in such action were served by mail on said Cora E. Drake in accordance with the laws of Connecticut, and execution against the debt owed by the defendant to the plaintiff was issued to the sheriff of New Haven county; and that in obedience to said writ or attachment and in satisfaction of said execution the defendant paid the sheriff the entire net balance claimed by the plaintiff at the trial of this action to be due from the defendant.   This defense was not sustained by the trial court, and judgment for the plaintiff was rendered for the full amount with costs; and from the judgment the defendant has appealed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Philip W. Russell, for appellant.

William D. Brinnier and John J. Linson, for respondent.

CHESTER, J.   The appellant insists that in the judgment appealed from the learned trial court has overlooked the federal question involved, and has in effect refused the full faith and credit to the judgment and proceedings of the Connecticut court which is required by the federal Constitution.   He relies in support of this contention upon the case of Harris v. Balk, 198 U. S. 215, 25 Sup. Ct. 625, 49 L. Ed. 1023.   That was a case where a citizen of North Carolina, who owed money to another citizen of that state, was, while temporarily in the state of Maryland, garnished by a creditor of the man to whom he owed money.   Judgment was duly entered according to the Maryland practice, and paid.   Thereafter the garnishee was sued in North Carolina by the original creditor, and set up in defense the garnishee judgment and payment; but the North Carolina court held that, as the situs of the debt was in North Carolina, the Maryland judgment was not a bar, and awarded judgment against him.   This was held by the United States Supreme Court in the case cited to be error, and the judgment was reversed.   In that case it was contended that the Maryland court had no jurisdiction to award the judgment of condemnation, because at the time of the service of process on the garnishee therein he was only temporarily in that state, and that the situs of the debt due from the garnishee was in North Carolina, and not in Maryland. It was held that attachment is the creature of the local law, and that a judgment against a garnishee, properly obtained according to the law of the state where the writ issues, and paid, must, under the full faith and credit clause of the federal Constitution, be recognized as a payment of the original debt by the courts of another state in an action brought against the garnishee by the original creditor.

This authority, it seems to us, would be conclusive on the question

involved here in favor of the appellant, if the judgment relied upon by him was valid in the state of Connecticut. But the appellant's difficulty lies in the fact that such judgment is not a valid one under the law of that state as construed by its highest court, and was rendered without jurisdiction. While under the statute of Connecticut it is provided that a debt due to a debtor may be garnished in that state, the Supreme Court of that state has decided that this statute refers simply to debts owed by residents of Connecticut. In Green v. Farmers' & Citizens' Bank, 25 Conn. 452, it is held that:

"Service of a process of foreign attachment on a person temporarily within the state at the time of such service, but residing without the state, is ineffectual as to attachment, under the statute with regard to foreign attachments of a debt due from him to the defendant in the suit."

In that case the court said in its opinion:

"The plaintiff claims that his case is within the letter and spirit of our statute in respect to foreign attachments. That statute provides that 'whenever the goods or effects of a debtor are concealed in the hands of his attorney, agent, factor or trustee, so that they cannot be found to be attached, or where debts are due from any person to a debtor, any creditor may bring his action against such debtor,' etc. Rev. St. tit. 1, § 229. This language, construed without any limitation to the meaning of the words, is undoubtedly comprehensive enough to cover the claim made by the plaintiff. But it appears to us very apparent that such was not the meaning of the Legislature. The Legislature were providing for the attachment of property concealed in the hands of residents or citizens of the state, and of debts due from such residents or citizens, and not of nonresidents. Property in the hands of our own citizens and debts due from them are within the jurisdiction of the Legislature; but property in the hands of nonresidents and debts due from them are not, and the Legislature must be supposed to have intended to make a law that could be executed, and not one which would be inoperative. It is not to be presumed that a party residing out of the state, who has the property of a debtor concealed in his hands, will voluntarily bring it here, in order that it may be taken and appropriated in payment of the owner's debts; and, if he does not, any judgment against it here is entirely nugatory, as no process of our courts can reach either the trustee or the property in his hands; and it is quite certain that our Legislature would not attempt that which they so obviously have no power to accomplish. Again, our Legislature did not intend, in a matter of this sort, that the jurisdiction of our courts should depend upon the will of the garnishee in coming here, in order to give the courts jurisdiction over them; much less that it should depend upon the vigilance of a creditor in being able to find him here transiently and get a process served upon him before his departure from the state."

The statute under which that case was decided is substantially the same as the statute under which the attachment in question was obtained. The same principle is held in Williams Co. v. Mairs, 72 Conn. 430, 44 Atl. 729. This defendant, then, cannot answer to an action for a debt, otherwise admitted, that he has paid upon a void judgment in another state garnishing that debt.

The judgment, therefore, should be affirmed, with costs. All concur.