[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PREJUDGEMENT REMEDY (#118)
 FACTS
On July 7, 2000, Jeffery Feldman was fatally injured when his motorcycle collided with a vehicle driven by Keithkalani Sebastian. At the time of the accident, Sebastian was driving a vehicle owned and CT Page 7763 insured by his mother, Juanita Graham. On December 13, 2000, the plaintiff, Donna Feldman, as administratix for Jeffery Feldman's estate and in her personal capacity, as Feldman's widow, filed a second amended application for a prejudgment remedy against the defendants, Sebastian and Graham.
In her request for a prejudgment remedy the plaintiff alleges that the automobile insurance policy insuring Sebastian, at the time of the accident, is insufficient to cover the amount of the damages the plaintiff and the estate have suffered. The plaintiff alleges that Graham is liable to the plaintiff and the estate pursuant to the family car doctrine.
The defendants have stipulated on the record that there is probable cause to sustain the plaintiff's request for a prejudgment remedy. The only issue currently before the court is whether the court may order the garnishment of payments made to the defendants pursuant to the Mashentucket Pequot Tribal incentive program. Both parties agree that the amount, duration and frequency of the payments are at the Mashentucket Pequot Tribe's (tribe) sole discretion.
 DISCUSSION
I. Garnishment of tribal funds
In her application, the plaintiff request that the court order the garnishment of incentive payments prior to their payment by the tribe to the defendants. The defendants argue that the court does not have jurisdiction to order the garnishment of these funds because of the tribes status as a sovereign nation.
A garnishment action is a quasi in rem proceeding. Dorr-Oliver, Inc.v. Willett Associates, 153 Conn. 588, 592, 219 A.2d 718 (1966). Only indebtness held by a garnishee in Connecticut can be reached by our garnishment process. Id., 593. "The court acts by virtue of its jurisdiction over the garnishee and its power to compel him to satisfy the execution to the extent of his indebtedness." White-Bowman Plumbing Heating, Inc. v. Biafore, 182 Conn. 14, 17, 437 A.2d 833 (1980).
The Mashantucket Pequot Tribe is a federally recognized tribe.25 U.S.C. § 1751. As such the tribe exist as a separate sovereign nation. See State v. Sebastian, 243 Conn. 115, 160, 701 A.2d 13 (1997) (tribal immunity applies because of the tribes status as a dependent sovereign nation). This court will not, therefore, order the garnishment of funds held by the tribe because those funds are the property of an independent soveriegn nation and this court has no power to order the CT Page 7764 tribe to surrender those funds to this court.
II. Ordering the defendants' to surrender incentive payments to a receiver
The plaintiff argues, without citing any legal or statutory authority, that the court may order the defendants, once in receipt of tribal incentive payments, to transfer those funds to a receiver. This court has not been able to locate any legal or statutory authority for this position. As this court is not required to assess any of the plaintiff's arguments which are unsupported by legal authority; Mullen Mahon, Inc.v. Mobilmed Support Services, LLC, 62 Conn. App. 1, 8, ___ A.2d ___ (2001); the court will not further address this argument.
 CONCLUSION
While the plaintiff's motion for the garnishment of incentive payments made by the tribe is denied, the plaintiff may make a petition for a hearing on the attachment of any real and personal property held by the defendants within the state of Connecticut.
D. Michael Hurley, Judge Trial Referee