There are no appearances for the defendants in this case, which is perhaps unfortunate in that in view of the question presented for decision it would be well that the Court should have the benefit of the thought of both sides to the legal dispute rather than of one only. The question presented to the Court on this Motion involves an interpretation of Section 846d, Chapter 297 of the 1937 Supplement to ConnecticutGeneral Statutes concerning Attachment of Wages and Benefits. Counsel for the plaintiff has submitted a memorandum setting forth his line of reasoning wherein he claims his client is entitled to an order or supplemental judgment under the provisions of this Act for payments on a judgment for $135.37 obtained by the plaintiff September 24, 1937. *Page 407 
The Act provides in its pertinent parts that when any action is brought seeking satisfaction of a plaintiff's claim from debts accruing by reason of personal services of the defendant, service shall be made upon the defendant only; that upon entry of judgment the Court "as a part of such final judgment or in a supplemental judgment may make reasonable orders for payments to be made by the defendant . . . ."; that "No costs shall be allowed except such as may be taxed by the Court . . . rendering final judgment . . ., but no costs shall be taxed in favor of the plaintiff unless it shall appear to the Court . . . that written demand was made upon the defendant for payment of the claim not more than 30 days nor less than 3 days prior to the bringing of such action. Any attachment or garnishment of any debt accruing by reason of personal services . . . shall be void."
The complaint in the instant case is dated February 4, 1936. The officer's return shows a report on two garnishments. In the first, there was no disclosure; in the second, a disclosure of no money due, was made. On March 20, 1936, an application for further attachment was granted. The basis of this application was stated to be that the property attached was insufficient. A second application was made and granted April 9th, 1937, for the purpose of garnisheeing The Cities' Service Refining Company. There is no officer's return on this application. Again, on April 30, 1937, a third application for further attachment was made and granted, this time to garnishee The Gulf Oil Company. The officer's return shows no attachment or garnishment. On September 18, 1937, an amendment to the complaint was filed stating that satisfaction of the plaintiff's claim was sought from moneys and debts due and to become due to defendants by reason of their personal services. On October 22, 1937, an execution was issued and returned unsatisfied, and on October 29, 1937, an examination of judgment debtor was had. For the service of the original complaint and the subsequent proceedings, officers' fees totaling $29.44 have been incurred and noted on the file.
We have here the typical case of successive attempts being made to realize on a claim against a debtor, the meanwhile running up officers' costs for services. That was what the old procedure allowed; the statute in question seeks in part to correct this evil. The various steps in the instant case beginning with the institution of the original action February 4, 1936, up to September 22, 1937 — a year and a half after the *Page 408 
issuance of the original complaint — ended in failure. Now it is sought to bring the action within the provisions of Section 846d referred to above.
The question for decision is this: In the light of the course these proceedings have taken, can the plaintiff now secure the benefits of the Act by getting an order for payments from the Court? In other words, is the Act, setting forth a certain procedure in cases where it is sought to secure satisfaction of a claim out of a debt due for personal services, applicable in the instant case? The question usually presents itself in the case of a judgment secured before the enactment of the statute.
The instant case is a little different, in that the judgment was secured after the Act became law. But the question of law involved is the same in both cases. The gist of the plaintiff's argument is that the present statute has interposed itself since the institution of the original action and since the subsequent attempts at further attachment and garnishment to prevent a recovery by the plaintiff from the defendants, by providing that any attachment or garnishment of any debt by reason of personal services shall be void unless the Act is interpreted as permitting the plaintiff to now secure an order for payments on any judgment secured prior to the enactment of the statute or on one secured since the Act but on an action instituted before; that supplemental attachments in the suit were definitely barred by the Act, and the plaintiff's remedy of possible future attachments or garnishments is destroyed; that if funds had been secured under garnishment they could have been realized upon; that no funds were attached or garnisheed, and now the right of further attachment or garnishment is lost; that therefore the sensible construction of the statute is to put into effect in this case the new remedy by way of an order for payments. The plaintiff further argues that the reference in the statute to reasonable orders for payment made "as a part of final judgment or in a supplemental judgment" supports the latter claim. The plaintiff then argues that this reference to supplemental judgment simply means that the order for payment is supplemental to any judgment rendered, no matter when rendered and whether the procedure outlined by the statute initiating or carrying through to a judgment the case was followed or not.
It seems to me that this argument attempts to blow both hot and cold at the same time. In other words, the contention is that if service of the original complaint and those of *Page 409 
the subsequent further attachments had secured funds, the statute could not prevent a realization on those garnishments, and the money could be collected on a judgment; but since there have been no moneys garnisheed in the various attempts, then the statute does apply and permits of an order even though the procedure provided by the statute regarding service on the defendants alone, was not followed.
The purpose of the Act is clear; to effect the collection of fair and honest debts and avoid the machinations of dishonest debtors, to avoid abusive process, the piling up of unnecessary costs, harassment of the unfortunate rendered financially helpless through misfortunes beyond their control, and to enable courts to act as fair mediums to see that fair treatment is accorded both debtors and creditors alike.
The instant case was brought long before enactment of this statute. It followed the usual procedure. It sought to attach and garnishee; it tried this four times. the statute would have stopped all that, and so have stopped the running up of costs totaling nearly $30.00 in officers' fees. The prime and essential purpose of the Act, in cases of this kind, is that there shall be no such attempts at attachment or garnishment, but only a simple service on the defendant, and thus no further instance of costs being piled up out of all proportion to the claim sought to be collected. These costs could well be utilized by the debtor in reducing his indebtedness. Of course the plaintiff did what the law allowed when the action was instituted, yet, by the doing thereof, there has been no compliance with the definite procedure outlined by the statute, and by the doing of which the plaintiff would be thus entitled to the benefits which the statute has to offer, namely, an order for payments. Of course garnishments or attachments now are declared void, in cases of this character. The plaintiff argues that if he has funds under garnishment they could be realized upon. The plaintiff is right, for the statute in referring to garnishments or attachments of any debt accruing by reason of personal services being void, has in mind such garnishments or attachments since the enactment of the statute. If this is so, then just because the plaintiff failed to get funds under garnishment is no argument that he must now be allowed to take advantage of the statute in getting an order for payments even though the statute has not been followed. Another procedure has now been set up by the statute for the collection of debts when it is sought to realize on these *Page 410 
from wages or benefits. That procedure must be followed strictly. Naturally, it was not followed in this case.
To be sure further supplemental attachments in this action are now barred, but this does not mean that the plaintiff's remedy for collecting this claim is gone forever. It does stop further attempts at attachment or garnishment. That is why the statute was enacted. If it had been in force when this suit was instituted, it would have stopped the piling up of costs of about $30.00 on a $135.00 claim. But I do not agree that the plaintiff's remedy is destroyed. To ask the Court to make an order which it thinks the facts fairly warrant, the plaintiff must have complied with the provisions of the statute. Not having done so, then the plaintiff must sue on his original judgment, make simple service on the defendant, and then ask for an order either in the judgment to be rendered or in a supplemental judgment. Naturally, in the instant case he would secure it in the new judgment to be had. Now of course this will entail further costs. This is too bad in the light of the costs which have already been incurred, but this situation will not occur again in any action brought since the enactment of the statute. It is bound to occur in cases brought before the statute and in cases gone to judgment before the statute, but not realized upon. The statute makes no provision in words for such situations, but it did stop an evil which needed remedying. While there are bound to be perhaps unjust results in some cases, by far and large the good accomplished by the statute outweighs the former.
Now, as to the claim of the plaintiff to the effect that the reference to the "supplemental judgment" in the statute indicates that on any judgment, even though supplemental attachments or garnishments are barred, and even though the judgment was secured prior to the statute, it nevertheless supplies a new remedy by providing for an order of payments in a supplemental judgment, I must say that I cannot concur. The statute provides that upon the entry of judgment an order may be made for payments as a part of such judgment or as a part of a supplemental judgment. In other words, the plaintiff need not secure such an order on securing the original judgment. But if he does not, he may secure it in a supplemental judgment when the financial status of the defendant or his earning capacity has been ascertained by a hearing, and the Court can thus pass intelligently and fairly on the extent of the order to be made. For instance, supposing a defendant *Page 411 
does not appear, or if he does, he does not take the stand, then there has been no opportunity afforded for an examination of him as to his capacity to pay; nevertheless, judgment on the claim may be secured, but no order for payments can be made by the Court. It must wait till there has been an examination of the judgment debtor and then an order may issue. This is what the reference to supplemental judgment means. The statute gives certain new rights provided the procedure outlined therein is followed. The intent of the statute in this regard is clear.
The plaintiff has a remedy. It can still realize on its judgment. It must sue on the judgment, serve on the defendants alone and then upon securing its new judgment, it may ask for an order for payments. The statute is of great advantage to both creditors and debtors. It prevents the unfair and cruel creditor from piling up unnecessary costs which might well be applied in payment of the claim, and from harassing his debtor in other ways; for instance, such as repeatedly attempting to garnishee the debtor's pay, which frequently causes him to lose his job. It also prevents some creditors from getting all there is to be had out of the debtor's pay while other creditors wait for the payment of their claims. The Court, with the whole picture of the debtor's financial situation before him, may be depended upon to endeavor to make an equitable order; one that will do justice to creditor and debtor alike. If perchance the debtor's situation is such that no order should be made for the time being, then the debtor will be given time. He will not be continually harassed. All the debtor has to do is be fair and just under the circumstances with the Court and he will get fair and just treatment.
One of the principal victims of the law prior to the enactment of the statute was the factory worker or small wage earner. He was continually harassed and garnishments made repeatedly with costs incurred out of all proportion to the claim involved. This has been stopped.
The Act also brings within its beneficent provisions a class of employees who have been immune to any garnishment of their pay for debts they owe. I refer to state and federal employees. Their pay is still safe from garnishment; but their pay does not need to be garnisheed. A creditor simply institutes an action for the indebtedness, secures service upon the debtor, be he federal or state employee, and then upon securing a judgment, gets an order for payments. *Page 412 
The Connecticut Law Journal has reported one or two cases of abuse of the provisions of this Act. These have occurred in Justice of the Peace Courts. No Court with any sense of responsibility or with any true conception at all of the law will permit such abuse. In the cases referred to the remedy was quick and justice was immediately done.
I am, therefore, for the reasons stated above, of the opinion that no order for payments can be made at this time.
 The motion is, therefore, denied.