HARTFORD FEDERAL SAVINGS AND LOAN ASSOCIATION
*v.* JOSEPH B. BOWEN ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 14-631-2838

Argued July 13—decided November 4, 1964

*Michael Sudarsky,* of Hartford, for the appellant (plaintiff).

No appearance filed for the appellees (defendants).

PRUYN, J. The plaintiff has appealed from the denial of its motion for an order for weekly payments in enforcement of its judgment against the defendants. There is no finding; the facts and the conclusion of the court, however, appear on the face of the record. By writ dated January 14, 1963, the plaintiff brought this suit on a promissory note against the defendants and caused a certain real estate of the defendants in the town of Colchester to be attached. Thereafter, on June 12, 1963, a judgment by default for $924.80 and costs was rendered for the plaintiff. On May 15, 1964, the plaintiff moved for an order for weekly payments. This motion was denied on May 28, 1964, on the ground that § 52-361 of the General Statutes does not authorize an order for weekly payments in a case where there is a real estate attachment. The plaintiff claims error in the court's construction of this statute.

At the outset we raise of our own motion, as we have the right to do *(Felletter* v. *Thompson,* 133 Conn. 277, 280), the question whether the denial appealed from is a final judgment or final action of the Circuit Court so as to give us jurisdiction of the appeal. General Statutes § 51-265; *State* v. *Wilson,* 22 Conn. Sup. 345, 346, 1 Conn. Cir. Ct. 19, 20. Such an order is a prerequisite to obtaining an execution against the wages of a defendant. The right of the plaintiff to the enforcement of its judgment is determined with finality by the refusal to make such an order. This order is specifically made part of the final judgment or supplemental judgment. General Statutes § 52-361. We conclude that we have jurisdiction of this appeal.

The pertinent portion of § 52-361 is the first sentence of subdivision (a), reading as follows: "Whenever any person, firm or corporation brings an action against any person and seeks satisfaction of any claim or demand out of any debt accruing by reason of the personal services of such person, the officer serving the writ in such action shall make service upon the defendant only and shall return the writ to the court to which the same has been made returnable." The troublesome word is the word "only." This statute was first enacted in 1937 (Sup. 1937, § 846d) in the same language as quoted above. This 1937 act abolished garnishment of wages, which prior thereto was the only method available to reach the wages of the defendant. The process of foreign attachment or garnishment has long been on the statute books of the state and is designed to enable the plaintiff to attach intangible property of the defendant, such as, for example, debts due him, wages due him, etc., which otherwise could not be brought under the ordinary attachment of real or personal property. The garnishment was effective only as to the amounts due the defendant at the time the debtor or employer was served with the writ. As to wages, further amounts could be garnished as they became due. This was a cumbersome and expensive process. The 1937 act substituted, in the case of wages, a simple and less expensive procedure. "The purpose of the Act is clear; to effect the collection of fair and honest debts and avoid the machinations of dishonest debtors, to avoid abusive process, the piling up of unnecessary costs, harassment of the unfortunate rendered financially helpless through misfortunes beyond their control, and to enable courts to act as fair mediums to see that fair treatment is accorded both debtors and creditors alike." *Crysto Soap Co.* v. *Callahan,* 5 Conn. Sup. 406, 409. Prior to 1937, the plaintiff

in a case in which he attached the defendant's real or personal property (not exempt from attachment) could also garnish the wages of the defendant. Attachment and garnishment were not mutually exclusive. Garnishment required the service of the writ on the employer in addition to service on the defendant. The 1937 act required service on the "defendant only." The position of the word "only" in the sentence is important in determining the legislative intent. If the legislature had intended to forbid such an old and well-established procedure as attachment in such cases, it should have been explicit or at least placed the word "only" between the word "shall" and the words "make service." By placing it after the word "defendant," the legislature, in view of the prior procedure, is in effect saying not to serve the employer, but to serve the defendant and no one else. We are mindful of the dictum in *Crysto Soap Co.* v. *Callahan,* supra, that the act of 1937 forbids attachments as well as garnishments and requires only a "simple service" on the defendant. We do not agree with it.

If the statute is to be construed as forbidding a wage payment order in a case in which an attachment has been made, the plaintiff may enforce a judgment in his favor by filing a judgment lien which relates back to the date of the attachment and then foreclosing it, if there is sufficient equity to justify a foreclosure, or he may bring suit on the judgment and obtain an order for payments in this second action. Conversely, a plaintiff could bring suit without attachment, obtain his judgment and order for payments, and then file a judgment lien against the real estate which he did not attach. This might jeopardize the plaintiff's position if someone else obtained a lien after the commencement of the plaintiff's action and before the filing of the judgment lien. In both instances, the end result is a judg-

ment lien and an order for payments. This too is the end result if these two methods of enforcement are allowed in one action. The only difference is that the cost, expense, delay and complexity of enforcing judgments are increased both for the parties and the court if two actions are necessary. In simplifying the procedure for enforcing judgments against wages, it is inconceivable that the legislature intended such a result.

There is error, the order denying the motion is set aside and the case is remanded to be proceeded with according to law.

In this opinion DEARINGTON and LEVINE, Js., concurred.