[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On March 24, 1992, the court, Blue, J., entered judgment against the defendant, Michael Belfonti, in the amount of $628,221.97 plus costs. On February 8, 2000, the plaintiff, Gertrude Bergen, filed her amended motion for weekly order of payments. On May 11, 2000, the plaintiff filed an application for property execution.[1] On May 23, 2000, the court,Wiese, J., held a hearing on the plaintiff's motion for weekly order of payments pursuant to General Statutes § 52-356d[2] in order to determine the amount of instalment payments to be paid by the defendant. At the hearing, it was noted that the total debt to be repaid, including interest since 1992, was $1,148,115.32. On August 3, 2000, the court,Wiese, J., ordered the defendant to make payments in the amount of $500 per week.
On August 21, 2000, the defendant filed a motion to reargue, and on September 27, 2000, the defendant filed an application for stay of property execution pending the court's decision on the motion to reargue and until all subsequent appeals are exhausted. On September 29, 2000, CT Page 1111 the court, Wiese, J., denied the defendant's motion to reargue. On October 13, 2000, the defendant appealed the court's order for weekly payments and the court's denial of the motion to reargue to the Appellate Court.
In his memorandum of law in support of the application for an automatic stay of the property execution, the defendant argues that under Practice Book § 61-11(a), an automatic stay is imposed on proceedings to enforce the judgment when an appeal is filed. Practice Book §61-11(a) states, in relevant part, that "[e]xcept where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has been expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause."
Our courts have not specifically addressed whether a ruling on a motion for weekly order of payments is a final judgment appealable under Practice Book § 61-1.[3] In In re Dean, 246 Conn. 183, 717 A.2d 176
(1998), the Supreme Court observed, in a footnote, that "[a]lthough there is no recent authority for the right to appeal from an instalment payment order under § 52-356d . . . a denial of a motion for an order of weekly payments has been held to be appealable." Id., 204 n. 19, citing,Hartford Federal Savings Loan Assn. v. Bowen, 3 Conn. Cir. Ct. 86, 87, 208 A.2d 364 (1964) ("An order (for weekly payments] is a prerequisite to obtaining an execution against the wages of a defendant. The right of the plaintiff to the enforcement of its judgment is determined with finality by the refusal to make such an order. This order is specifically made part of the final judgment or supplemental judgment.").
Because the denial of a motion for an order for weekly payments is appealable as "part of [a] final judgment or supplemental judgment";Hartford Federal Savings Loan Assn. v. Bowen, supra, 3 Conn. Cir.Ct. 87; the court in In re Dean, supra, 246 Conn. 204 n. 19, recognized, in dicta, that absent such a right to appeal, "there would . . . be no ability for the debtor to attain review of the order." In light of the foregoing, it follows that a postjudgment ruling granting a motion for weekly payments would constitute a final judgment appealable under § 61-1.[4]
Having determined that the August 3, 2000 court order for weekly payments is a final judgment appealable under Practice Book § 61-1, the pending appeal invokes an automatic stay of the property execution pursuant to Practice Book § 61-11(a).[5]
Defendant's Application for Stay of Property Execution is granted. CT Page 1112
THOMAS G. WEST, J.