## No. 11,950.

### E. I. Du Pont De Nemours and Co. *v.* Lednum.

Decided October 31, 1927.

Proceedings in garnishment. Judgment against garnishee.

### *Affirmed.*

### On Application for Supersedeas.

1. GARNISHMENT—*Issuance of Writ.* The contention that before a writ of garnishment may issue the sheriff must make diligent search for other property of the defendant, overruled.

2.    *Statutes—Repeal.* Section 6118, C. L. '21, has been expressly repealed as to courts of record.

3.    *Jurisdiction.* Where there is a judgment and execution in the main case, regularly obtained, a writ of garnishment showing due service gives the court jurisdiction over the garnishee.

4.    JUDGMENT—*Default—Setting Aside.* The showing of a meritorious defense is a required condition to setting aside a default judgment, where jurisdiction is complete.

*Error to the District Court of the City and County of Denver, Hon. H. A. Calvert, Judge.*

Mr. F. A. WILLIAMS, Mr. EDWIN H. PARK, for plaintiff in error.

Mr. GOLDING FAIRFIELD, Mr. THEODORE EPSTEIN, Mr. PHILIP HORNBEIN, for defendant in error.

*En Banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

Judgment was obtained against the plaintiff in error as garnishee in the trial court. It brings the case here and asks for a supersedeas.

Its counsel argue that before a writ of garnishment may issue, the sheriff must make diligent search for other property of defendant. The law and daily practice is against this contention. Chapter 7 of the 1921 Code—sections 129 to 158—provide a complete system of garnishment in courts of record. Section 129 states that at the time of issuing an attachment in an action or at any time thereafter a writ of garnishment may be issued. Section 157 gives execution creditors similar rights, the details of which will be found in the chapter mentioned. Section 6118 of C. L. 1921, is cited, but it has no application here. It has been expressly repealed as to courts of record. L. 1887, p. 219, sec. 444. See also note 2, under § 4358, 2 Mills Ann. Stats. (1912 Ed.)

It is claimed that the court did not have jurisdiction, but there was a judgment and execution in the main cause, regularly obtained, and the return of the writ of garnishment, showing due service, gave the court jurisdiction over the garnishee. Code, § 135. This section and other sections of the chapter of the Code on garnishments are made applicable and available to a judgment creditor, the same as for a plaintiff in attachment, by Code § 157.

The garnishee further assigns error on the ground of insufficient evidence. The evidence was not all that might have been desired, but we think it sufficient to justify the judgment. The garnishee, through its counsel in open court, refused to answer the writ, so default was entered and the creditor introduced the testimony on which the judgment was based. If the garnishee suffered, it was by reason of its own secretiveness and wilful refusal to tell the court what it knew. The execution debtor, Mrs. Lednum's husband, was a salaried employee of the garnishee. Even now, the garnishee does not show that it has a meritorious defense, as one commonly does and

should do as a condition to setting aside a default judgment where the jurisdiction is complete. We think the trial court did very well in the face of the garnishee's opposition and flat disobedience of the writ.

The judgment meets with our approval and it is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE CAMPBELL not participating.