DORR–OLIVER, INC. *v.* WILLETT ASSOCIATES ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued April 6—decided May 3, 1966

*A. Reynolds Gordon,* with whom was *William P. Mason III,* for the appellant (plaintiff).

*Peter B. Sullivan,* with whom was *Garrison N. Valentine,* for the appellee (Continental Casualty Company, garnishee).

KING, C. J.    The named defendant, hereinafter referred to as Willett, is a New Jersey corporation having its principal place of business in Maplewood, New Jersey.    The plaintiff is a Delaware corporation duly qualified to do business in Connecticut and having an office in Stamford.    The garnishee, Continental Casualty Company, hereinafter sometimes referred to as Continental, is an Illinois insurance company authorized to do business in Connecticut, and it owns an office building and personal property in Connecticut.    It has appointed the insurance commissioner of Connecticut its attorney for the service of process upon it.    General Statutes § 38-23; see Restatement, Conflict of Laws § 91.

In the first count the plaintiff seeks to recover

on a promissory note made by Willett and payable to the plaintiff's order. In the second count the individual defendants, Sam Levinstein and Melvin L. Tobias, both of whom are residents of New Jersey, are alleged to have guaranteed the payment of the Willett note, and recovery is sought from them as such guarantors. Since all the defendants were nonresidents, and none appeared or was personally served with process within Connecticut, this state's jurisdiction over the defendants was quasi in rem, and judgment could be satisfied only to the extent that property belonging to the defendants was brought within the jurisdiction of the court. *Gimbel* v. *Gimbel,* 147 Conn. 561, 565, 163 A.2d 451; *Parker, Peebles & Knox* v. *El Saieh,* 107 Conn. 545, 554, 141 A. 884; *Veeder Mfg. Co.* v. *Marshall-Sanders Co.,* 79 Conn. 15, 17, 63 A. 641; Stephenson, Conn. Civ. Proc. §§ 24 (a), 28 (d).

As incident to the original process, the plaintiff garnisheed Continental, as being the "agent, trustee and debtor of said defendants" and having "concealed in its hands the goods, effects, estate and moneys of said defendants" and as being "indebted to them." It was conceded that valid personal service of process had been made on Continental, as garnishee, in Connecticut. Thus there was definitely in personam jurisdiction over the garnishee. In the court below no distinction was drawn, or differentiation made, among the three defendants, and they were treated as a unit. In oral argument in this court, counsel requested and agreed that the same course be pursued here. This we have done. See cases such as *McAdam* v. *Sheldon,* 153 Conn. 278, 279, 216 A.2d 193.

Continental, in its plea in abatement, which was actually, in essence, a plea to the jurisdiction under

Practice Book § 93, alleged certain facts which did not appear of record and which were denied by the plaintiff. Insofar as these facts were essential elements of Continental's claim of lack of jurisdiction over the defendants, Continental assumed the burden of proving them. The basic claim of Continental in its plea to the jurisdiction was twofold: (1) that no goods or effects, i.e., items of tangible personal property, of the nonresident defendants were now, or at the time of garnishment had been, in Continental's hands in Connecticut; and (2) that there was no indebtedness, either at the time of garnishment or now, owing to the defendants "through the acts of any agent or agents of the garnishee [Continental] in the State of Connecticut."

It is to be noted that Continental did not allege or claim that it was not indebted to the defendants at the time of the garnishment. Rather, it alleged and claimed that it was not indebted to the defendants "through the acts of any agent or agents of the garnishee in the State of Connecticut." If tangible personal property of the defendants in the hands of the garnishee, or any indebtedness owing by the garnishee to the defendants, was seized by the garnishment process and thus brought within the quasi in rem jurisdiction of the court, the jurisdictional plea in abatement was erroneously sustained. *Veeder Mfg. Co.* v. *Marshall-Sanders Co.,* supra.

For reasons hereinafter set forth, there was error in the court's action in sustaining the jurisdictional plea in abatement on the second ground, i.e., the alleged lack of garnishable indebtedness in Connecticut. It therefore becomes unnecessary to consider the first ground, which is that there was no garnish-

able tangible personal property in Connecticut.

The court found, inter alia, that the garnishee "has done no business in . . . Connecticut with [the] defendants, no debts to [the] defendants have been incurred by [the] garnishee in . . . [Connecticut], and no property of the defendants is held in . . . [Connecticut] by [the] garnishee." The court further found that the garnishee made no claim that it "was not indebted to the defendants in connection with some transaction which did not arise in Connecticut" and that the garnishee introduced no evidence "to prove that there was no debt owing from the garnishee to the defendants other than in Connecticut."

The memorandum of decision correctly held that the proceeding was a quasi in rem action and that judgment against the defendants, as nonresidents of Connecticut, could be satisfied only to the extent that assets in Connecticut had been brought under the jurisdiction of our courts. *Parker, Peebles & Knox* v. *El Saieh,* 107 Conn. 545, 554, 141 A. 884; Stephenson, Conn. Civ. Proc. §§ 24 (a), 28 (d).

On the foregoing subordinate facts, the court found, as a conclusion, that at the time of the garnishment there was no indebtedness owing to the defendants by the garnishee.

This conclusion is attacked as being without support in the subordinate facts of the finding, since the finding did not indicate, and the plea did not allege, that there was no indebtedness owing to the defendants from Continental, as garnishee. The court merely found, and the plea in abatement merely alleged, that there was no such indebtedness which arose out of any acts of any agent of the garnishee in Connecticut. We turn to the memorandum of decision for a better understanding of the find-

ing. *Molk* v. *Micklewright,* 151 Conn. 606, 609, 201 A.2d 183. It becomes clear that the court held that the situs of any indebtedness from Continental to the defendants was at Continental's domicil, which was in Illinois, and that no indebtedness of Continental could be reached by our garnishee process in Connecticut except an indebtedness contracted by an agent of Continental in this state. In other words, the court concluded that there was no indebtedness owing by Continental to the defendants, not because that was actually the fact, or even alleged or claimed by the garnishee to be the fact, but because the court was of the opinion that only an indebtedness contracted by an agent of the garnishee residing in this state could be subjected to the jurisdiction of our court so as to constitute indebtedness which would provide the necessary res for the exercise of quasi in rem jurisdiction over the defendants.

It is true that language may be found in *Williams Co.* v. *Mairs,* 72 Conn. 430, 433, 44 A. 729 (decided in 1899), cited and relied upon by the court, which gives support to the court's conclusion. The decision in that case was based on the grounds that (1) the legislative history of our garnishment statute required such an implied limitation, (2) such a limitation was in accord with public policy, and (3) the necessary quasi in rem jurisdiction could not otherwise constitutionally be obtained.

The first ground seems no longer persuasive in the face of our modern, settled rule that our garnishment statutes should be liberally construed. *Finch* v. *Great American Ins. Co.,* 101 Conn. 332, 335, 125 A. 628. This is especially so since no hint of such a limitation is disclosed in our garnishment statutes.

The second ground is likewise lacking in merit. No public policy would be served in denying to plaintiffs, including our own residents, the right to utilize, against a nonresident defendant, a garnishment process in our courts merely because the indebtedness sought to be subjected to our jurisdiction was owing by a garnishee who, although subject to personal service in our state, and, in this particular case, actually doing business here, happened to be domiciled in, or a resident of, a sister state. And it is settled that our garnishment procedure is ordinarily open to residents and nonresidents of Connecticut alike.[1] *Parker, Peebles & Knox, Inc.* v. *National Fire Ins. Co.,* 111 Conn. 383, 392, 150 A. 313.

Any constitutional question as to a state's jurisdiction, by in personam service within the state upon the garnishee, to seize indebtedness, wherever arising or made payable, if the creditor himself could maintain, in the state of garnishment, an in personam action against the garnishee for the recovery of the indebtedness, was laid at rest by the decision in *Harris* v. *Balk,* 198 U.S. 215, 226, 25 S. Ct. 625, 49 L. Ed. 1023 (decided in 1905). The rule of that case was expressly approved and adopted in *Parker, Peebles & Knox, Inc.* v. *National Fire Ins. Co.,* supra. Furthermore, the *Harris* case was decided long after the decision in *Williams Co.* v. *Mairs,* supra, and long after the decision in

---

[1] Incidentally, this appears to be the modern, general rule, at least where, as in Connecticut, the garnishment statutes contain no limitation restricting their operation to resident plaintiffs. Note, 14 A.L.R.2d 420, 424. Indeed, under the majority modern rule, a nonresident plaintiff may utilize the garnishment process in a state even though it is incident to a transitory principal cause of action which is unrelated to the state of garnishment. Note, 14 A.L.R.2d 420, 426, § 3, 427, § 4.

*Green* v. *Farmers' & Citizens' Bank,* 25 Conn. 452, 454 (decided in 1857), another case on which Continental places some reliance.

Under the rule of the *Harris* case, the in personam service of the garnishment process on Continental within Connecticut operated to seize any indebtedness owing from Continental to the defendants at the time of the garnishment, whether the indebtedness arose from a transaction within or without Connecticut or was payable within or without Connecticut. This is the preferable and prevailing modern rule, although it appears not to be the rule of some states, including New York. *Heydemann* v. *Westinghouse Electric Mfg. Co.,* 80 F.2d 837, 840, 841 (2d Cir.); Restatement, Conflict of Laws § 108. Cases on this point are collected in an early (1923) annotation in 27 A.L.R. 1396. As pointed out by the annotator, the later cases, especially those subsequent to the *Harris* case, preponderate in favor of the rule of that case. Note, 27 A.L.R. 1396, 1399, § II.

On principle that rule is sound. In garnishment, it is the in personam jurisdiction over the garnishee which constitutes the seizure of the indebtedness insofar as there is, or can be, any seizure of such an intangible. Stephenson, Conn. Civ. Proc. § 24 (a). Where an indebtedness arose, or is payable, would not affect the efficacy of the seizure of the indebtedness. There is no sound reason, as applied to garnishment of an ordinary indebtedness, for drawing any distinction based merely on where the indebtedness was incurred or where it was made payable. *Parker, Peebles & Knox* v. *El Saieh,* 107 Conn. 545, 559, 141 A. 884 (citing *Harris* v. *Balk,* 198 U.S. 215, 226, 25 S. Ct. 625, 49 L. Ed. 1023); *Parker, Peebles & Knox, Inc.* v. *National Fire*

*Ins. Co.,* 111 Conn. 383, 392, 150 A. 313; Restatement, op. cit. § 108; note, 27 A.L.R. 1396, 1399, § II. The unsoundness of such a distinction becomes increasingly apparent as interstate commercial transactions grow in frequency and amounts involved.

The important matter is to protect the garnishee from liability to his creditor for payment of indebtedness which he has once paid in satisfying his liability as a garnishee. This appears to have been the basic ratio decidendi of *Crouse* v. *Phoenix Ins. Co.,* 56 Conn. 176, 182, 14 A. 82, another case relied upon by Continental but decided long before the *Harris* case. Under the rule of *Harris* v. *Balk,* supra, full faith and credit must be given to a scire facias judgment properly rendered against a garnishee personally served with process in the jurisdiction, if due notice of the indebtedness seized, and opportunity to defend, was given the defendant. 1 Beale, Conflict of Laws § 108.3, p. 463. This principle was recognized and applied in *Parker, Peebles & Knox, Inc.* v. *National Fire Ins. Co.,* supra, 393, and in *Harris* v. *Balk,* supra, 227. When full faith and credit must be given to the scire facias judgment, the danger of double recovery ceases. 1 Beale, op. cit. § 108.4, p. 464.

So long as the United States Supreme Court enforces the rule of the *Harris* case in the recognition of garnishments of indebtedness made in conformity with its terms, the rule of that case would appear to work out justly, at least as applied in jurisdictions within the United States. 1 Beale, op. cit. §§ 108.3, p. 462, 108.4. And upon a proper showing by a garnishee that, even though he duly notified the defendant, protection against double payment could not be provided, judgment would

not be rendered against the garnishee in scire
facias. *Parker, Peebles & Knox, Inc.* v. *National
Fire Ins. Co.,* supra, 393; see also 1 Beale, op. cit.
§ 108.4.

Beale agrees that actually an indebtedness, as
such, is at most intangible personal property and
really nothing more than a chose in action without
any situs at all. It is "a mere relation between the
parties [debtor and creditor and] . . . has no real
existence anywhere." 1 Beale, op. cit. § 108.1, p. 457;
*Harris* v. *Balk,* 198 U.S. 215, 226, 25 S. Ct. 625,
49 L. Ed. 1023; *Heydemann* v. *Westinghouse Elec-
tric Mfg. Co.,* 80 F.2d 837, 839 (2d Cir.); *Parker,
Peebles & Knox, Inc.* v. *National Fire Ins. Co.,*
supra, 391. Where an attempt is made to give an
indebtedness a situs, it is sometimes given the situs
of the residence of the creditor, and sometimes, as
in earlier Connecticut cases, it is arbitrarily given
the situs, in a garnishment proceeding, of the domi-
cil or residence of the debtor. See *Parker, Peebles
& Knox, Inc.* v. *National Fire Ins. Co.,* supra; note,
27 A.L.R. 1396, 1397. In *Parker, Peebles & Knox,
Inc.* v. *National Fire Ins. Co.,* supra, 392, in adopt-
ing the rule of the *Harris* case, we held, however,
that there was no deficiency of situs or control over
the indebtedness as a res in any jurisdiction in
which in personam service had been made on the
garnishee, and the creditor (principal defendant)
could have made personal service on the debtor
(garnishee) in an action for the collection of the
indebtedness. In other words, the question of situs
of indebtedness, in the sense in which it was used
in our earlier cases, has become academic, and the
jurisdictional test is that laid down in *Harris* v.
*Balk,* supra. Necessarily the court was in error
in sustaining the plea in abatement on the jurisdic-

tional ground alleged therein as to indebtedness. Indeed the plea was demurrable, since it did not negate the fact of indebtedness owing from the garnishee to the defendants, but only the fact of such indebtedness arising in Connecticut.

The garnishee, although subject to our in personam jurisdiction, did not comply with our disclosure procedure. See *Parker, Peebles & Knox* v. *El Saieh,* 107 Conn. 545, 552, 141 A. 884. Rather, it ignored that procedure and filed the jurisdictional plea in abatement instead of having its rights and obligations fully and amply determined in a scire facias action. See General Statutes §§ 52-381, 52-382; see also *Parker, Peebles & Knox* v. *El Saieh,* supra, 561; Practice Book, Form No. 409. Even if the informal procedure of a statutory disclosure had proven inadequate to settle this controversy, on a trial in scire facias sufficient facts would have been developed for a final and definitive decision as to what indebtedness had been effectually seized. *Parker, Peebles & Knox* v. *El Saieh,* supra.

It is unnecessary to consider the plaintiff's other assignments of error.

There is error, the judgment is set aside and the case is remanded with direction to overrule the plea in abatement.

In this opinion the other judges concurred.