490 P.2d 313 (1971)
Iona GARRETT, Plaintiff-Appellee,
v.
Fred Lewis GARRETT, Defendant-Appellant.
No. 70-478. (Supreme Court No. 24837.)
Colorado Court of Appeals, Div. II.
November 2, 1971.
*314 L. B. Ullstrom, Denver, for plaintiff-appellee.
Donald P. MacDonald, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The facts in this case are not in dispute. The appellee, hereinafter referred to as the wife, has an unsatisfied judgment against the appellant-husband stemming from a divorce and property settlement action in which the husband was personally served in Colorado. The judgment was rendered against the husband in the amount of $7,346.08.
The husband worked for a number of years in Colorado for the Communication Workers of America (C.W.A.), a national organization doing business in Colorado, with its principal place of business in Washington, D. C. The husband later accepted a position with the same employer in the State of Washington. After the husband had taken residence in the State of Washington, a writ of garnishment in aid of a writ of execution was issued and was served at the Denver office of C.W.A. Answers to interrogatories were filed from C.W.A. headquarters in Washington, D. C., by its secretary-treasurer on January 20, 1970, admitting it then owed the husband $879.04 in net wages. The court thereafter entered an ex parte order awarding judgment in favor of the wife for $879.04 and C.W.A. forwarded a check for that amount to the clerk of the court.
After counsel entered an appearance on behalf of the husband to examine the issue of garnishment, the January 30th court order was stayed pending a hearing on the question of the court's jurisdiction over the husband, the garnishee, and the funds. The court found it had jurisdiction over the garnishee and upheld its prior order granting judgment against the garnishee and ordered distribution of the funds in accordance with C.R.S.1963, 77-4-1 et seq. Contrary to the husband's assertions, the court found that the exemption laws of the State of Washington were inapplicable. The husband here appeals the trial court's order and judgment.
The cross-appeal herein stems from a second writ of garnishment served at the Denver office of C.W.A. in February of 1970. Based upon answers to interrogatories made by the secretary-treasurer of C. W.A. at Washington, D. C., the court found the garnishee was indebted to the husband in the amount of $1,298.96. The court declined to grant judgment against the garnishee, however, for lack of jurisdiction although the jurisdictional facts were the same as in the previous writ except that the garnishee had not paid the wages due into the registry of the court. On cross-appeal, the wife contends that this ruling was erroneous.
In support of his position that the court did not acquire jurisdiction over a non-resident garnishee for wages earned outside the State of Colorado by a non-resident principal defendant, the husband cites Everett v. Walker, 4 Colo.App. 509, 36 P. 616 and Atchison, Topeka & Santa Fe R. R. Co. v. Maggard, 6 Colo.App. 85, 39 P. 985, decided by this Court before the turn of the century. Both cases ruled that it was impossible to seize a debt owed by a nonresident garnishee to a principal defendant where the court had no jurisdiction, over the situs of the debt. See Louisville & N. R. Co. v. Steiner, 128 Ala. 353, 30 So. 741.
Under the present provision for garnishment in Colorado, however, a court has jurisdiction for garnishment of a debt upon obtaining jurisdiction over the garnishee. R.C.P.Colo. 103(a) and (e); see Dupont De Nemours Co. v. Lednum, 82 Colo. 472, 260 P. 1017; Apollo Metals, Inc. v. Standard Mirror Co., 87 Ill.App.2d 383, 231 N.E.2d 655; 6 Am.Jur.2d Attachment and Garnishment §§ 25-27. In Harris v. Balk, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023, considering a similar factual situation, the United States Supreme Court held that:
"If there be a law of the state providing for the attachment of the debt, then, if the garnishee be found in that state, *315 and process be personally served upon him therein, we think the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff and condemn it, provided the garnishee could himself be sued by his creditor in that state."
See Restatement (Second) of Conflict of Laws § 68 (1971). There has been no contention here that the garnishee could not have been subject to suit in Colorado by the husband to recover upon its debt to him.
In this case, the garnishee was doing business within the State of Colorado and service of the writ of garnishment upon it at its place of business properly brought it within the jurisdiction of the court in this garnishment proceeding. Harris v. Balk, supra; Dorr-Oliver, Inc. v. Willett Associates, 153 Conn. 588, 219 A.2d 718; Goldberg v. Southern Builders, 87 U.S.App.D.C. 191, 184 F.2d 345. We therefore hold that the garnishee was properly within the jurisdiction of the court and that the failure to enter judgment in garnishment was error.
The husband further contends that the trial court erred in holding that the matter of exemption was to be determined by Colorado law and that the exemption laws of the State of Washington should be applied. We disagree. Colorado follows the general rule that exemption laws have no extraterritorial effect. Atchison, Topeka & Santa Fe R. R. Co. v. Maggard, supra. See 35 C.J.S. Exemptions § 2. The trial court's application of the exemption law of Colorado is hereby affirmed.
The order awarding $879.04 to the wife is affirmed. The order denying her judgment for $1,298.96 is reversed and remanded for entry of judgment in accordance with this opinion.
ENOCH and DUFFORD, JJ., concur.