### STATE OF CONNECTICUT v. FRANK GUY

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 822

Argued October 15, 1980 – decided January 2, 1981

*Carl R. Ajello,* attorney general, and *Michael A. Arcari,* assistant attorney general, for the appellant (plaintiff).

*Earl I. Williams,* for the appellee (defendant).

DALY, J. The parties do not dispute the facts: The plaintiff brought a petition against the defendant for support of his daughter, a patient at the Southbury Training School. On May 13, 1968, judgment was rendered for the plaintiff in the amount of $3387.16, and the defendant was ordered to make weekly payments of $25. Subsequently, the defendant retired from the Armstrong Rubber Company and began receiving a monthly pension of $336. The company finances entirely the pension trust fund which pays the pension to the defendant. The defendant failed to comply with the order for weekly payments.

On October 6, 1976, the plaintiff petitioned the court pursuant to General Statutes §§ 17-324, 52-362 and 52-362a, requesting that a wage execution issue against the amount being paid by the pension trust fund to the defendant. The trial court denied the plaintiff's petition on the ground that these sections of the General Statutes allow a levy upon the wages earned by an individual currently employed, and do not extend to pension trust fund payments made to a retired employee. The trial court indicated that the plaintiff's proper remedy was to proceed under General Statutes § 52-321[2] and make the trustees of the pension fund parties to the action.

From that decision the plaintiff appeals, raising two issues: First, may a court properly issue, pursuant to General Statutes § 52-362, a wage execution against pension trust fund benefits? Second, would the trustees of such a pension trust fund be necessary parties to the action?

General Statutes § 17-324 allows the court to proceed in accordance with General Statutes §§ 52-362 and 52-362a whenever a judgment debtor has failed to

---

[2] General Statutes 9 52-321 provides, in part: "Any creditor of such beneficiary [of a trust fund] who has secured a judgment against such beneficiary may bring an action against him and serve such trustee with garnishee process . . . ."

obey a support order for the expense of a patient being supported by the state. General Statutes § 52-362a sets forth the procedure the state must follow to obtain wage executions for welfare support pursuant to § 52-362.

In *Sienkiewicz* v. *Sienkiewicz,* 178 Conn. 675, 425 A.2d 116 (1979), the court outlined the process of wage execution under General Statutes §§ 52-361 and 52-362:[3] "A judgment creditor may obtain a court order directing the defendant, the judgment debtor, to make payment to the clerk of the court or otherwise. If the defendant fails to obey such an order, the judgment creditor may then apply to the court for an order that execution issue out of a *'debt accruing by reason of personal services,'* typically wages. The order of wage execution, upon presentment to the individual person or corporation from whom this debt is due and owing, typically the judgment debtor's employer, becomes a continuing levy upon the wage debt until execution is satisfied." (Emphasis added.) Id., 678.

In *Sienkiewicz* v. *Sienkiewicz,* supra, the plaintiff filed an application for execution against the defendant's pension benefits to satisfy a court order for outstanding alimony and child support. The question was whether the application should be issued pursuant to the restrictive General Statutes § 52-361 or the broader General Statutes § 52-362. The decision was based on an interpretation of General Statutes § 52-352c (d) which provides an exemption for pensions established for the primary purpose of providing benefits upon retirement by reason of age, health, or length of service, but only to the extent that "wages

---

[3] General Statutes § 52-362 deals with execution on wages after judgments for support. General Statutes § 52-361 covers wage executions for all other judgments. Section 52-361 differs from § 52-362 in that it provides a statutory ceiling by way of dollars and a statutory prohibition against simultaneous satisfaction of more than one execution.

are exempt from execution under [General Statutes] section 52-361." The court read the cross-reference to § 52-361 to incorporate by implication a cross-reference as well to § 52-362 and decided that pension benefits were subject to execution pursuant to § 52-362. After reviewing the history of these three statutes, the court concluded that "the legislature explicitly recognized that creditors generally had some claim even to pension payments . . . ." *Sienkiewicz* v. *Sienkiewicz,* supra, 683.

It is clear that the majority and dissenting opinions in *Sienkiewicz* agreed that pension payments from a pension trust fund were susceptible to a wage execution ordered pursuant to General Statutes § 52-362. Therefore, in the case before us, the trial court erred when it disallowed the plaintiff's petition for a wage execution brought pursuant to this section. Furthermore, since § 52-362 indicates that the only notice required to be given before the issuance of the wage execution is to the judgment debtor, the trustees of a pension trust fund need not be made parties when the application is made to the court. They must, however, determine whether to challenge or comply with the order once it is issued.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion SHEA and BIELUCH, Js., concurred.