Randall J. HRABCZUK, Petitioner,

v.

JOHN LUCAS LANDSCAPING and Colorado Compensation Insurance Authority, and the Industrial Claim Appeals Panel of the State of Colorado, Respondents.

No. 94CA0584.

Colorado Court of Appeals,
Div. IV.

Dec. 15, 1994.

368

Wilcox & Ogden, P.C., Ralph Ogden, Denver, Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, for petitioner.

No appearance for respondent John Lucas Landscaping.

Carolyn A. Boyd, Denver, for Colo. Compensation Ins. Authority.

No appearance for Industrial Claim Appeals Panel of State of Colo.

Opinion by Judge MARQUEZ.

Petitioner, Randall J. Hrabczuk, seeks review of the order of the Industrial Claim Appeals Office (ICAO) which denied his request for attorney fees after the respondents, John Lucas Landscaping and Colorado Compensation Insurance Authority, successfully moved to dismiss the earlier appeal in this proceeding. We affirm.

Following the affirmance by the ICAO of an award of penalties for failure to pay Hrabczuk's reasonable and necessary medical expenses when due, respondents petitioned for review with this court. That petition was dismissed on the respondents' motion to withdraw their petition after Hrabczuk had filed his answer brief.

In his response to the motion, Hrabczuk requested attorney fees, and this court, in its order of dismissal, remanded the matter to the Panel "for consideration of the request for attorney fees." The mandate subsequently issued by this court stated that the matter was "remanded to ICAO for attorney fees." On remand, the ICAO concluded that it had no authority to award fees.

Hrabczuk contends that the language of the mandate issued by this court requires the ICAO to award fees. We disagree.

C.A.R. 41 states in part as follows:

The mandate of the court shall issue 15 days after the entry of judgment unless the time is shortened or enlarged by order. A certified copy of the judgment and a copy of the opinion of the court, if any, and any direction as to costs shall constitute the mandate, unless the court directs that a formal mandate issue.

The mandate provided for in C.A.R. 41 is intended to establish the finality of the judgment upon which the parties can rely and a direct attack upon the judgment after the mandate has issued is not contemplated by the appellate rules. *Garrett v. Garrett*, 30 Colo.App. 167, 490 P.2d 313 (1971).

In our view, the function of the mandate is to establish the finality of the court's judgment, *Garrett v. Garrett, supra*, to restore jurisdiction in the tribunal from which the appeal or petition for review is taken, *People v. Jones*, 631 P.2d 1132 (Colo.1981), and to communicate the court's judgment to that tribunal.

In other jurisdictions some courts hold that, in the event of a conflict, the mandate must give way to the opinion. *See Albuquerque Broadcasting Co. v. Bureau of Revenue*, 54 N.M. 133, 215 P.2d 819 (1950); *Sherril v. Sovereign Camp, W.O.W.*, 184 Okla. 204, 86 P.2d 295 (1939). Others hold that the mandate governs. *See Aguilar v. Safeway Insurance Co.*, 221 Ill.App.3d 1095, 164 Ill.Dec. 418, 582 N.E.2d 1362 (1991) (the correctness of a trial court's action is to be determined from the appellate court's mandate, as opposed to the appellate court's opinion unless the mandate directs the trial court to proceed in conformity with the opinion); *see also Tucson Gas & Electric Co. v. Superior Court*, 9 Ariz.App. 210, 450 P.2d 722 (1969); 5 C.J.S. *Appeal and Error* § 974 (1993).

Considering the function of the mandate as set forth above, we conclude that the better view is that the directions on remand set out in the order are controlling over language contained in mandate form issued

by the clerk's office of this court. Thus, the Panel was not required to award fees.

Petitioner's reliance on *In re Estate of Painter*, 671 P.2d 1331 (Colo.App.1983) is misplaced. That case does not address the issue before us; rather, there, a division of this court held that the directions on remand in its earlier opinion in the same proceeding controlled over other language in the opinion.

Furthermore, we agree with the Panel's determination that it lacked authority to award any fees in this case. *See Martinez v. Regional Transportation District*, 832 P.2d 1060 (Colo.App.1992).

Order affirmed.

ROTHENBERG and CASEBOLT, JJ., concur.