BOARD OF EDUCATION OF THE TOWN OF
EAST HARTFORD *v.* GARY A. BOOTH
(14994)

PETERS, C. J., and CALLAHAN, NORCOTT, KATZ and PALMER, Js.

Argued October 26, 1994—decision released February 14, 1995

*Richard A. Mills*, with whom was *Raymond M. Bern-stein*, for the appellant (plaintiff).

*Stephen F. McEleney*, with whom, on the brief, was *Albert J. McGrail*, for the appellee (defendant).

PALMER, J. The sole question raised by this appeal is whether the plaintiff, the board of education of the town of East Hartford, is precluded by General Statutes § 52-278b[1] from obtaining a prejudgment garnishment of certain moneys it owes to the defendant, Gary A. Booth, a former employee of the plaintiff. The trial court concluded that the funds, which constitute payment for accumulated sick leave and for a salary increase that became payable upon the termination of the defendant's employment, are "earnings"[2] exempt from prejudgment garnishment, and, on that basis, denied the plaintiff's application for a prejudgment remedy. The plaintiff appealed from the judgment of the trial court to the Appellate Court,[3] and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

[1] General Statutes § 52-278b provides in relevant part: "Notwithstanding any provision of the general statutes to the contrary, no prejudgment remedy shall be available to a person in any action at law or equity . . . (2) for the garnishment of earnings as defined in subdivision (5) of section 52-350a."

[2] General Statutes § 52-350a (5) provides: " 'Earnings' means any debt accruing by reason of personal services, including any compensation payable by an employer to an employee for such personal services, whether denominated as wages, salary, commission, bonus or otherwise."

[3] The plaintiff appealed from the judgment of the trial court pursuant to General Statutes § 52-278*l*, which provides in relevant part: "(a) An order (1) granting or denying a prejudgment remedy following a hearing under section 52-278d . . . shall be deemed a final judgment for purposes of appeal."

The facts material to this appeal are undisputed. The defendant, a tenured music teacher in the town of East Hartford, resigned from his employment with the plaintiff. Under the terms of the collective bargaining agreement between the plaintiff and the defendant's union, the East Hartford Education Association, the defendant was entitled to payment for unused sick leave that he had accumulated as of the date of his resignation.[4] The defendant also was entitled to compensation for a salary increase awarded under the collective bargaining agreement but not payable until the termination of his employment with the plaintiff.[5] In total, the plaintiff owes the defendant $20,031.30 as payment for salary and accumulated sick leave.[6]

The plaintiff commenced this action seeking indemnification from the defendant for any judgment rendered against the plaintiff in two pending civil suits in which it is a defendant.[7] Upon its filing of this action,

---

[4] The defendant was entitled to fifteen days of paid sick leave each year. Under the collective bargaining agreement, the defendant also was authorized to take sick leave for certain absences not related to illness, including absences for personal reasons.

[5] In order to forestall layoffs and the elimination of programs, the defendant's union, on behalf of the defendant and the other members of his bargaining unit, agreed to defer the payment of certain salary increases awarded to bargaining unit members under the collective bargaining agreement. The salary deferral agreement provides in relevant part: "1. The East Hartford Board of Education and the East Hartford Education Association agree to a fifty-nine (59%) percent reduction of the teacher salary increase for 1991-92 after step advancements. 2. The East Hartford Board of Education and the East Hartford Education Association agree to have the above money repaid in a lump sum to each teacher when they end (separation of service) employment with the East Hartford Board of Education. . . . 4. The East Hartford Board of Education and the East Hartford Education Association agree that there will be no teacher layoffs and no elimination of programs for the 1991-92 school year unless, consistent with past practice, student enrollment declines. . . ."

[6] The record indicates only that the plaintiff owes the defendant a total of $20,031.30. The record does not reveal how that debt is apportioned between accumulated sick leave and deferred salary.

[7] The actions were brought against the plaintiff and the defendant by two former East Hartford students, who claim that the defendant had sex-

the plaintiff applied for an order authorizing the prejudgment garnishment of $20,031.30.[8] The trial court denied the application, concluding that because the funds constitute "earnings" as defined by General Statutes § 52-350a, they are exempt from prejudgment garnishment under § 52-278b.[9]

Under § 52-350a (5), "earnings" are exempt from prejudgment garnishment if they constitute a debt "accruing by reason of personal services, including any compensation payable by an employer to an employee for such personal services, whether denominated as wages, salary, commission, bonus or otherwise." By the express terms of § 52-278b (2), if this exemption is applicable, the plaintiff is precluded from recourse to any prejudgment remedy. We agree with the trial court that this exemption, which affords broad protection against the prejudgment garnishment of income obtained through the performance of personal services, applies to the plaintiff's obligation to the defendant.

Under the terms of the collective bargaining agreement, the defendant was entitled to payment for all of the unused sick leave that he had accumulated as of the date of the termination of his employment with the plaintiff. The defendant's entitlement to payment for accumulated sick leave derived directly from the work that he had performed when he could otherwise have availed himself of the sick leave to which he was entitled under the collective bargaining agreement. Indeed, by compensating employees for accumulated

ually assaulted them during the course of his employment with the plaintiff. The former students seek damages against the plaintiff for alleged negligence in its hiring and supervision of the defendant. See *Little* v. *Booth,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-92-514952S; *Ashlaw* v. *Booth,* Superior Court, judicial district of Windham at Putnam, Docket No. CV-92-0045313S.

[8] The plaintiff has retained possession of these funds.

[9] See footnotes 1 and 2.

sick leave, the plaintiff encouraged employees to work instead of using the leave to which they had become entitled. Therefore, because the defendant's right to payment for accumulated sick leave accrued by reason of the personal services he had performed for the plaintiff, the leave payment to which the defendant was entitled constitutes "earnings" as defined by § 52-350a (5). Accordingly, in the circumstances of this case, payment for accumulated sick leave is exempt from garnishment prior to judgment.

The collective bargaining agreement also entitled the defendant to a salary increase, payable upon the termination of his employment. The salary payment to which the defendant was entitled constitutes deferred compensation for personal services performed by the defendant during the course of his employment. Because the term "earnings," as defined by § 52-350a (5), includes *"any compensation payable* by an employer to an employee for . . . personal services" (emphasis added), deferred salary payments, like payments for accumulated sick leave, are not subject to prejudgment garnishment.

Notwithstanding the plain language of §§ 52-278b and 52-350a, the plaintiff claims that the legislature intended to exempt from prejudgment garnishment only wage payments made prior to the termination of the employment relationship. The plaintiff further contends that the payments it is obligated to give to the defendant for salary and accumulated sick leave are properly characterized as a "severance payment" and a "lump sum fringe benefit," respectively, and that the defendant's right to those payments accrued solely by reason of the termination of his employment rather than "by reason of [his] personal services." We are not persuaded.

The statutory construction urged by the plaintiff is inconsistent with the language of § 52-350a (5), which

defines "earnings" as *"any debt* accruing by reason of personal services . . . whether denominated as *wages, salary, commission, bonus or otherwise."* (Emphasis added.) Contrary to the plaintiff's claim, therefore, the definition of the term "earnings" under § 52-350a (5) includes periodic wage payments but is not limited thereto.[10] Similarly, there is nothing in the definition of "earnings" under § 52-350a (5) to suggest that the legislature intended to limit the exemption from prejudgment garnishment only to those debts payable prior to the termination of the employment relationship. Because § 52-350a (5) makes no distinction between payments made before the termination of the employment relationship and those made thereafter, a payment made after the termination of the relationship may constitute "earnings" exempt from prejudgment garnishment so long as the obligation underlying the payment accrued by reason of the performance of personal services.[11] Finally, the payments to which the defendant is entitled are not, as the plaintiff claims, benefits arising solely out of the termination of the defendant's employment. Rather, they constitute compensation for the performance of past personal services by the defendant that became payable at the termination of his employment with the plaintiff.[12]

---

[10] The plaintiff cites to certain definitions of the term "wages" in other, unrelated provisions of our General Statutes to support its claim that the term "earnings" as defined by § 52-350a (5) is synonymous with "wages." See, e.g., General Statutes §§ 31-222 (b) (1) (definition of "total wages" under unemployment compensation laws) and 31-71 (a) (3) ("wages" defined for purpose of establishing employers' obligations to employees). Because the term "earnings" as defined by § 52-350a (5) is not limited to wages, the plaintiff's reliance on definitions of the term "wages" is misplaced.

[11] Although the scope of § 52-278b is broad, we recognize that not every asset traceable to employment necessarily constitutes "earnings" under § 52-350a (5). Whether a payment obligation constitutes "earnings" exempt from prejudgment garnishment is a determination to be made on a case-by-case basis.

[12] Both the plaintiff and the defendant rely on cases decided under the federal Consumer Credit and Protection Act (act); 15 U.S.C. § 1671 et seq.;

The plaintiff also asserts that its construction of the term "earnings" as synonymous with wages is supported by certain testimony given during the committee hearings on the proposed amendment to § 52-278b establishing the exemption.[13] Specifically, the plaintiff claims that the testimony of two proponents of the amendment indicates that the primary purpose of the exemption was to prevent the prejudgment garnishment of wages.[14] We cannot imply from the brief statements of these two witnesses, however, that the legislature intended to limit the exemption to wages. Moreover, during the floor debate on the proposed legislation, each of the legislators who commented on the exemption of earnings from prejudgment garnishment described the exemption in terms of "earnings" rather than "wages." For example, Representative

to support their claims. The act, which limits the percentage of earnings that may be subject to garnishment, defines the term "earnings" in language similar to that of § 52-350a (5). See 15 U.S.C. § 1672 (a). Neither party, however, has cited to a case decided under the act involving payments for accumulated sick leave or salary payable upon the termination of the employment relationship. See, e.g., *Kokoszka* v. *Belford*, 417 U.S. 642, 94 S. Ct. 2431, 41 L. Ed. 2d 374 (1974) (tax refund not "earnings"); *United States* v. *International Venture Investments, Ltd.*, 622 F. Sup. 667 (N.D. Ohio 1985) (severance pay not "earnings"); *Riley* v. *Kessler*, 2 Ohio Misc. 2d 4, 441 N.E.2d 638 (Ohio Com. Pl. 1982) (vacation pay constitutes "earnings" subject to act's limitation on garnishment). The cases under the act on which the parties rely, therefore, do not bear directly on the issue raised by this appeal.

[13] Senate Bill 265, introduced in 1990 as an amendment to § 52-278b and subsequently enacted as No. 90-149 of the 1990 Public Acts, established the exemption from prejudgment garnishment for "earnings."

[14] Raphael L. Podolsky, testifying before the judiciary committee on behalf of Connecticut Legal Services, Inc., stated that "[Senate Bill] 265 . . . [makes it] explicit that wages cannot be attached before judgment"; Conn. Joint Standing Committee Hearings, Judiciary, Pt. 2, 1990 Sess., p. 625; and David L. Hemond, testifying on behalf of the Connecticut law revision commission, explained that "[Senate Bill] 265 clarifies that prejudgment attachment of earnings is not available under Connecticut law. Seizure of a debtor's wages is a Draconian measure that denies a person access to his income flow to pay for his ongoing necessities and should be available to a creditor only as a last resort." Id., p. 682.

Douglas C. Mintz stated that "this bill makes it perfectly clear that *earnings* cannot be garnished prior to judgment." (Emphasis added.) 33 H.R. Proc., Pt. 4, 1990 Sess., p. 1280. Similarly, Senator Anthony V. Avallone commented that "[t]his bill clarifies that *earnings* cannot be garnished before a judgment"; (emphasis added) 33 S. Proc., Pt. 2, 1990 Sess., p. 484; and Senator Richard Blumenthal explained that the purpose of the exemption is "to clarify that there shall be no garnishment of *earnings* prior to a judgment." (Emphasis added.) 33 S. Proc., Pt. 8, 1990 Sess., p. 2642. Therefore, the plaintiff's claim that the legislature intended to limit the scope of the term "earnings" to include only wages finds no support in the legislative history of § 52-278b.

We conclude, therefore, that the trial court properly denied the plaintiff's application for a prejudgment garnishment.

The judgment is affirmed.

In this opinion the other justices concurred.