[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
The defendant moves to dismiss on the ground that the court lacks personal jurisdiction over the defendant. CT Page 7821
The plaintiff moves to cite in the defendant's employer and to amend its complaint.
On April 10, 2000, the plaintiff, The Cadle Company, an Ohio limited partnership, brought this action on a foreign judgment by way of a one count complaint against the defendant, Kristine Sydorowycz, currently a resident of Florida. The plaintiff is the assignee of a New Jersey judgment obtained in default against the defendant in the amount of $5,686.75 plus interest.[1]
The defendant has timely filed a motion to dismiss the action on the ground that the court lacks personal jurisdiction over her. The defendant's motion is accompanied by a memorandum of law as well as her affidavit. The defendant argues that the complaint lacks any allegations that would bring her within the reach of Connecticut's long-arm statute, General Statutes § 52-59b, and that, as her affidavit reveals, she is a resident of Florida, she transacts no business in Connecticut and she neither owns, uses, nor possesses any real property in Connecticut.
On June 22, 2000, the plaintiff filed a memorandum in opposition, arguing that the defendant is employed by and receives income from the Savin Corporation, a Connecticut corporation, and is therefore transacting business in Connecticut within the meaning of § 52-59b. Subsequent to the filing of its memorandum in opposition, the plaintiff moved for and was granted leave to file a supplemental memorandum and the affidavit of Carole Kendall, an account officer of the plaintiff. In its supplemental memorandum, the plaintiff cites Dorr-Oliver, Inc. v. WillettAssociates, 153 Conn. 588, 219 A.2d 718 (1966), and Garrett v. Garrett,30 Colo. App. 167, 490 P.2d 313 (1971), in support of its argument that, because it "intends to garnish the wages of the Defendant by serving her employer here in Connecticut," a quasi in rem proceeding, there are no jurisdictional infirmities merely by virtue of the fact that the defendant is a nonresident as long as the court has personal jurisdiction over her employer, the intended garnishee. Thereafter, on February 15, 2001, the plaintiff moved to cite in the Savin Corporation as a party defendant and to amend its complaint to add a second count seeking "[a]n order against . . . the Savin Corporation, garnishing the wages of the [defendant] . . . pursuant to Connecticut General Statutes § 52-361a." (Proposed Amended Complaint, Prayer for Relief, Second Count, ¶ 6.) The defendant has objected to the plaintiff's motion to cite in her employer and to amend the complaint, arguing that § 52-361a
allows for execution of wages after judgment, and, in the present case, there has not been a Connecticut judgment.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, CT Page 7822 624, 461 A.2d 991 (1983). The motion "shall be used to assert . . . lack of jurisdiction over the person. . . ." Practice Book § 10-31. "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998). Where the motion raises facts not apparent on the record, Practice Book § 10-31 permits the parties to file supporting affidavits as to such facts. Villager Pond, Inc. v. Darien,54 Conn. App. 178, 182, 734 A.2d 1031 (1999). Such affidavits are sufficient to determine the facts where they disclose that no genuine issue as to a material fact exists. Standard Tallow Corp. v. Jowdy,190 Conn. 48, 56, 459 A.2d 503 (1983).
 A
The court first addresses the plaintiff's claim that in this action personal jurisdiction over the defendant debtor is immaterial. It bears emphasis that the plaintiff's complaint as well as the first count of its proposed amended complaint can only be construed as a common law action on a foreign judgment. No case has been found in which a Connecticut court has entertained an action on a foreign judgment where the Connecticut court itself lacked personal jurisdiction over the defendant debtor. See, e.g., Frick v. Hartford Life Ins. Co., 98 Conn. 251, 253, 119 A. 229
(1922) (action upon judgment of Iowa court brought against defendant Connecticut corporation with home office in Hartford); Tri-State TankCorp. v. Higganum Heating, Inc., 45 Conn. App. 798, 799, 699 A.2d 201
(1997) (action to enforce judgment of Kansas court brought against defendant Connecticut corporation); Seaboard Surety Co. v. Waterbury,38 Conn. Sup. 468, 469, 451 A.2d 291 (App. Sess. 1982) (action on New York judgment brought in Connecticut after defendant moved to Connecticut).
Some guidance is found in the case of St. Hilaire v. St. Hilaire,41 Conn. Sup. 429, 437, 581 A.2d 752 (1990). In that case, the defendant filed a Massachusetts divorce judgment in Connecticut pursuant to the Enforcement of Foreign Matrimonial Judgments statute, General Statutes § 46b-71, which is nearly identical to the Uniform Enforcement of Foreign Judgments Act, General Statutes § 52-604 et seq., and thereafter moved to modify the orders contained therein. The plaintiff, a resident of Massachusetts, claimed the court lacked personal jurisdiction over him. The defendant argued, however, that the filing statute was a long-arm statute and that once a foreign judgment was filed in Connecticut, the court necessarily acquired jurisdiction to the extent that the foreign court rendering the decree originally enjoyed, analogous to the "continuing jurisdiction" concept. Id., 431. The court rejected CT Page 7823 the defendant's argument, holding that the statute "neither contains a long-arm provision to reach the plaintiff in Massachusetts nor confers a cause of action in and of itself. Personal jurisdiction must be obtained or be obtainable in Connecticut notwithstanding that [§ 46b-71] . . . requires Connecticut courts to treat the foreign divorce decree as a Connecticut decree." Id., 434. The court also held that such a construction of § 46b-71 that would confer the same personal jurisdiction of the decree rendering foreign court upon Connecticut courts would violate fundamental constitutional principles of due process. Id., 437. Thus, the defendant's motion was dismissed for lack of personal jurisdiction over the nonresident plaintiff. Id.
If personal jurisdiction over the defendant debtor is necessary for the enforcement of foreign judgments that may be filed pursuant to our statutes, the court sees no logical reason why it should not ensure personal jurisdiction where, as in this case, a judgment creditor, who cannot or does not take advantage of statutory filing, brings the concurrent remedy of an action on the foreign judgment. Accord PariserIndustries, Inc. v. Shelton Laundry Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 322085 (June 21, 1995,Thim, J.) (where, in action on New Jersey judgment, court has personal jurisdiction over the defendant debtor and subject matter over common law actions on foreign judgments, motion to dismiss denied). The court therefore concludes that personal jurisdiction over the defendant must be established in order for the plaintiff to maintain this cause of action against her.
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Knipple v. Viking Communications, Ltd., 236 Conn. 602, 606,674 A.2d 426 (1996). "Only if [the court finds] the statute to be applicable [does it] reach the question whether it would offend due process to assert jurisdiction." Lombard Bros., Inc. v. General AssetManagement Co., 190 Conn. 245, 250, 460 A.2d 481 (1983).
The court thus begins with the applicable long-arm statute. General Statutes § 52-59b(a) provides in relevant part: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state . . . (3) commits a CT Page 7824 tortious act outside the state causing injury to person or property within the state . . . (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer . . . or a computer network . . . located within the state." Subsections (2), (3), (4) and (5) are not implicated by this action, there being no claim by the plaintiff of tortious acts or computer use on the part of the defendant, and the defendant's affidavit establishes the undisputed fact that she does not own, use or possess any real property in the state. Rather, the plaintiff argues that the defendant transacts business in the state within the meaning of subsection (1) by virtue of the fact that her employer, by which she makes her livelihood, is a Connecticut corporation.
"The General Statutes do not define what the phrase `transacts any business' means in the context of § 52-59b. . . . [W]e construe the term `transacts any business' to embrace a single purposeful business transaction." (Citations omitted.) Zartolas v. Nisenfeld, 184 Conn. 471,474, 440 A.2d 179 (1981). "In determining whether the plaintiffs' cause of action arose from the defendants' transaction of business within this state we do not resort to a rigid formula. Rather, we balance considerations of public policy, common sense, and the chronology and geography of the relevant factors." Id., 477. "A `purposeful business transaction' is one in which the defendant has engaged in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." Zemina v. Petrol Plus, Inc., Superior Court, judicial district of New Haven, Docket No. 128590 (March 3, 1998, Levin,J.) (22 Conn.L.Rptr. 94, 95).
The Superior Courts have consistently held that a nonresident individual's status as a paid officer or employee of a corporation over which Connecticut has personal jurisdiction is insufficient to confer jurisdiction over the nonresident individual where no allegations or evidence is submitted indicating that the individual has transacted business in Connecticut in an individual capacity and on his or her own behalf. See, e.g., Leach Family Holdings, Inc. v. Raymark Industries,Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345036 (December 23, 1997, Melville, J.) (21 Conn.L.Rptr. 468);Basta v. Today's Adoption Agency, Ltd., Superior Court, judicial district of Waterbury, Docket No. 119321 (July 25, 1995, Sullivan, J.);Corporation for Independent Living v. Charter Oak Associates, Superior Court, judicial district of Tolland at Rockville, Docket No. 48503 (April 10, 1992, Sferrazza, J.). The court disagrees with the plaintiff that, merely by virtue of the fact that the defendant's employer is a Connecticut corporation, it can be said that the defendant is transacting business within the state. The defendant's evidence shows that she lives in Florida and neither owns, uses nor possesses any real property in Connecticut. The complaint does not allege any affirmative activities CT Page 7825 conducted by the defendant on her own behalf or in her individual capacity performed in or directed at this state. Nor has the plaintiff submitted any evidence that the defendant personally engaged in some purposeful activity or business within Connecticut or had any individuals transact business in Connecticut on her behalf. In short, there is no evidence whatsoever that the defendant has ever had any contact with this state in her personal capacity. Accordingly, the plaintiff has failed to sustain its burden of proving jurisdiction over the defendant based on § 52-59b(a)(1).
The plaintiff attempts to minimize the fact that it has in fact brought an action against the defendant by emphasizing its intent to seek a wage execution. Regardless of the plaintiff's intentions, however, the court cannot ignore the fact that the plaintiff's complaint against the defendant seeks a Connecticut judgment on the New Jersey judgment and thus would in effect result in this court rendering a judgment of money damages, interests and costs against the defendant. In addition, the plaintiff's prayer for relief requests the court to order the defendant to make weekly payments. The court may not, however, assert the requisite personal jurisdiction over the defendant to issue such orders against her when none of the requirements of § 52-59b have been met. Accordingly, the plaintiff's complaint is dismissed.[2]
 B
The plaintiff's proposed amended complaint and motion to cite in the defendant's Connecticut employer do not save the action. The first count of the proposed amended complaint still contains the identical cause of action against the defendant, seeking money damages, interest, costs and an order of weekly payments, as the original complaint. This count at least is subject to dismissal because, as just discussed with respect to the original complaint, the court lacks personal jurisdiction to grant such relief against the defendant.
This leaves remaining the plaintiff's motion to cite in the Savin Corporation to add the proposed second count against it seeking a wage execution pursuant to § 52-361a. The plaintiff argues that a wage execution is a quasi in rem proceeding, and, according to Dorr-Oliver,Inc. v. Willett Associates, supra, 153 Conn. 588, and Garrett v. Garrett, supra, 30 Colo. App. 167, there are no jurisdictional infirmities merely by virtue of the fact that the defendant is a nonresident as long as the court has personal jurisdiction over her employer, the intended garnishee. For the reasons discussed below, the motion to cite in the Savin Corporation for the purpose of adding a request for an order of a wage execution is denied. CT Page 7826
The comprehensive statutory scheme governing post-judgment collection procedures prescribes the process which must be followed in order for a judgment creditor to obtain a wage execution. "Under chapter 906, when a judgment is rendered against a natural person, either the judgment creditor or the judgment debtor may move for an order of instalment payments. General Statutes § 52-356d(a). After a hearing and in consideration of the judgment debtor's financial circumstances, the court may order instalment payments reasonably calculated to satisfy the judgment. General Statutes § 52-356d(a). If the judgment debtor fails to comply with the ordered instalment payments, the judgment creditor may apply for a wage execution. General Statutes § 52-361a(a)." HartfordPostal Employees Credit Union, Inc. v. Rosemond, 33 Conn. App. 395, 399,635 A.2d 876 (1994). "The application shall contain the judgment creditor's or his attorney's statement setting forth the particulars of the installment payment order and of the judgment debtor's failure to comply." General Statutes § 52-361a(a). "On receipt of the application, a clerk of the Superior Court shall issue a wage execution against the judgment debtor, directed to a levying officer. . . ." General Statutes § 52-361a(b). "[I]ssuance of a wage execution is mandatory." Hartford Postal Employees Credit Union, Inc. v. Rosemond, supra, 399. "The levying officer shall levy on all earnings which are due or become due to the judgment debtor to the extent specified in the wage execution . . . by serving the employer with two copies of the wage execution. . . ." General Statutes § 52-361a(d). "[T]he employer shall forthwith deliver a copy thereof to the judgment debtor, or mail such copy postage prepaid to the judgment debtor at his last-known address." General Statutes § 52-361a(d). "If the judgment debtor fails to claim an exemption during an automatic twenty day stay, the execution goes into effect. General Statutes § 52-361a(d)." HartfordPostal Employees Credit Union, Inc. v. Rosemond, supra, 399.
The plaintiff's chosen course of proceeding in an attempt to obtain a wage execution is not in keeping with the above described process. First, "an order [of weekly payments] is a prerequisite to obtaining an execution against the wages of a defendant." Hartford Federal Savings Loan Assn. v. Bowen, 3 Conn. Cir.Ct. 86, 87, 208 A.2d 364 (App.Div. 196 4); see also Shanks v. Shanks, Superior Court, judicial district of Danbury, Docket No. 326458 (October 23, 1997, Moraghan, J.) (20 Conn.L.Rptr. 530) ("Under Connecticut practice, an order for installment payments (weekly payments) must be obtained as a prerequisite to the issuance of a wage execution. If an installment payment order is established and the defendant fails to comply, then the plaintiff may well be entitled to a wage execution in accordance with [§]52-361a . . . No such installment payment order has been issued against the defendant in the present case, and, although the plaintiff prays for such an order in its complaint and proposed CT Page 7827 amended complaint, the plaintiff cannot obtain one from this court. "An order to pay money, such as the instalment payment order . . . is a judgment in personam." Mahon v. Moorman, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329017 (February 28, 1997, Moran, J.) (18 Conn.L.Rptr. 643); see also LaBowv. LaBow, 171 Conn. 433, 438, 370 A.2d 990 (1976); St. Hilaire v. St.Hilaire, supra, 41 Conn. Sup. 432. "Thus, such an order requires that the court have personal jurisdiction over the defendant." St. Hilaire v. St.Hilaire, supra, 432; see also Mahon v. Moorman, supra, 18 Conn.L.Rptr. 644-45 (vacating previously rendered instalment payment order on ground of lack of personal jurisdiction based on insufficient service of motion). As discussed above, the court lacks personal jurisdiction over the defendant.
Second, the proper method of obtaining a wage execution is by post-judgment application to the court, not by directly bringing an action against the judgment debtor's employer. The employer need only be served with the wage execution once issued, not sued, and, as such, is not a necessary party to any application. See General Statutes § 52-361a(d);State v. Guy, 37 Conn. Sup. 566, 569, 427 A.2d 879 (1981) (employer need not be made party when application for wage execution made to court).
The cases cited by the plaintiff are inapposite. In Dorr-Oliver, Inc.v. Willett Associates, supra, 153 Conn. 588, the plaintiff brought an action in Connecticut on a promissory note against nonresident defendants and garnisheed the defendants' Connecticut debtor. The court noted that "[s]ince all the defendants were nonresidents, and none appeared or was personally served with process within Connecticut, this state's jurisdiction over the defendants was quasi in rem"; id., 590; and that judgment against the defendants, as nonresidents of Connecticut, could be satisfied only to the extent of their assets in Connecticut." Id., 592. Finding a gamishee and a garnishable indebtedness in Connecticut, the court thus proceeded, holding: "In garnishment, it is the in personam jurisdiction over the garnishee which constitutes the seizure of the indebtedness insofar as there is, or can be, any seizure of such an intangible." Id., 595.
To the extent that Dorr-Oliver suggests, as the plaintiff argues, that the plaintiff may obtain a quasi in rem judgment against the defendant based solely upon a garnishment served on an instate creditor and without jurisdiction over the defendant, this is no longer the case. The United States Supreme Court decision in Shaffer v. Heitner, 433 U.S. 186, 212,97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), made clear that all assertions of state-court jurisdiction, whether in rem, quasi in rem or in personam, must be evaluated according to the "minimum contacts" standards set forth in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 CT Page 7828 L.Ed. 95 (1945). Hodge v. Hodge, 178 Conn. 308, 318, 422 A.2d 280
(1979). "The rationale of Shaffer is that . . . the object of an action in rem or quasi in rem is a judgment that affects the defendant's interests in that thing." Id. Therefore, "in order to justify an exercise of jurisdiction in rem, the basis for jurisdiction must be sufficient to justify exercising jurisdiction over the interests of persons in a thing. The standard for determining whether an exercise of jurisdiction over the interests of persons is consistent with the Due Process Clause is the minimum-contacts standard elucidated in International Shoe." (Internal quotation marks omitted.) Id., 319; see also United StatesTrust Co. v. Bohart, 197 Conn. 34, 42 n. 9, 495 A.2d 1034 (1985).
Moreover, Dorr-Oliver does not concern the wage execution process pursuant to § 52-356d and § 52-361a but rather the garnishment process pursuant to General Statutes § 52-329, § 52-381 and §52-382. See Dorr-Oliver, Inc. v. Willett Associates, supra, 153 Conn. 590,598. Nothing in that case can be read as excusing the plaintiff's compliance with the wage execution statutes, which as discussed, require that the plaintiff first obtain an instalment payment order. The plaintiff in essence wishes to skip right from a New Jersey judgment obtained by default in appearance to a wage execution by directly suing the defendant's Connecticut employer. To allow the plaintiff to do so would contravene our statutory scheme and undermine the legislative intent that "[s]eizure of a debtor's wages is a Draconian measure that denies a person access to his income flow to pay for his ongoing necessities and should be available to a creditor only as a last resort." (Emphasis added; internal quotation marks omitted.) Board of Educationv. Booth, 232 Conn. 216, 222 n. 14, 654 A.2d 717 (1995).
The other case cited by the plaintiff, Garrett v. Garrett, supra, 30 Colo. App. 167, is also inapposite. The plaintiff in that case obtained a Colorado in personam judgment against the defendant, who was personally served in Colorado, after which the defendant moved to Washington. Id., 168. When the judgment remained unsatisfied, the plaintiff obtained a writ of garnishment in aid of a writ of execution of wages and served the defendant's employer at its Colorado office. Id. A Colorado statute provided that a court has jurisdiction for garnishment of a debt upon obtaining jurisdiction over the gamishee. Id., 170.
Garrett is distinguishable from the present action. First, like theDorr-Oliver case, Garrett also predates the United States Supreme Court's decision in Shaffer v. Heitner, supra, 433 U.S. 186. Moreover, inGarrett, the plaintiff was not attempting to obtain a quasi in rem judgment against the defendant to be satisfied through a wage execution upon his instate employer. Rather, the plaintiff already had a valid Colorado in personam judgment against the defendant and sought to enforce CT Page 7829 it by a wage execution. Presumably, if the plaintiff in the present case had already obtained a valid Connecticut judgment, the fact of the defendant's present residence in Florida would not be an obstacle to this court subsequently issuing an installment payment order or, upon default of such, a wage execution since the statutory scheme provides for continuing jurisdiction for purposes of post-judgment procedures. See General Statutes § 52-350d(a) (providing that "[f]or the purposes of post-judgment procedures, the Superior Court shall have jurisdiction over all parties of record in an action until satisfaction of the judgment or, if sooner, until the statute limiting execution has run"). The problem for the plaintiff in this case, of course, is that it does not have, and cannot obtain, an enforceable Connecticut judgment due to lack of personal jurisdiction over the defendant.
The court concludes that it lacks personal jurisdiction over the defendant and further concludes that the plaintiff's motion to cite in the defendant's employer and to amend its complaint do not save the action. For these reasons, the defendant's motion to dismiss is granted.
Hennessey, J.